JEAN MOORING, Plaintiff-Appellant, *v.* VILLAGE OF GLEN ELLYN, Defendant-Appellee.

Second District    No. 77-232

Opinion filed February 7, 1978—Rehearing denied March 17, 1978.

James E. Saloga, of Nadelhoffer, Hennessey, Dommermuth & Brestal, of Naperville, for appellant.

Jack M. Siegel and Kenneth O. Stonesifer, both of Siegel, Stonesifer & Jentsch, of Chicago, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

On December 14, 1963, two bond issues were approved by the voters of the Village of Glen Ellyn. The first concerned the construction of a surface water drainage system and the second the development of recreational facilities within the Village. The bonds thus approved were issued, and approximately 200 acres of real estate were acquired by the Village to accomplish the purposes of the bond issues. One tract of land acquired in this manner was 20 acres, referred to herein as the Lambert Lake site. On August 28, 1976, the Village of Glen Ellyn issued a special use permit for the Lambert Lake site to allow the construction of a storage, maintenance and office facility for the Glen Ellyn Public Works department. The plaintiff, Jean Mooring, commenced a taxpayer action against the Village of Glen Ellyn seeking to enjoin the construction of the public works facility.

On December 7, 1976, a motion for summary judgment was filed by the

plaintiff. Subsequently, the defendant filed a motion for summary judgment, which was later superseded by an amended motion. On January 27, 1977, the trial court entered an order denying the plaintiff's motion for summary judgment and granting the defendant's amended motion. Plaintiff has appealed.

We are faced here with two issues necessary for the determination of this case. First, whether the question of the denial of the plaintiff's motion for summary judgment had been properly preserved for review by this court and, second, whether the granting of the defendant's motion for summary judgment was an appropriate action, given the state of the record in this particular case.

■■ ■ The rules governing appeals in this State have long been a matter of settled law. One of these rules, jurisdictional in nature, is that the appealed from and relief sought from the reviewing court in his notice of appeal. (Supreme Court Rule 303(c)(2), Ill. Rev. Stat. 1975, ch. 110A, par. 303(c)(2).) It has been generally held, however, that where a deficiency in the notice of appeal is one of form only and not of substance, the appellate court is not necessarily deprived of jurisdiction. (*National Bank of the Republic v. Kaspar American State Bank* (1938), 369 Ill. 34, 15 N.E.2d 721; *Department of Transportation v. Galley* (1973), 12 Ill. App. 3d 1072, 299 N.E.2d 810.) In addition, the notice should be considered as a whole, and where it fairly and adequately sets out both the judgment complained of and the relief sought, so that the successful party is advised of the nature of the proceedings, the absence of a strict or technical compliance with the form of the notice is not fatal. (*People ex rel. Pickerill v. New York Central R.R. Co.* (1945), 391 Ill. 377, 63 N.E.2d 405; *Department of Transportation v. Galley.*) The notice of appeal filed in this case reads as follows:

> "YOU ARE HEREBY NOTIFIED THAT JEAN MOORING, Plaintiff, hereby appeals (to the Appellate Court of Illinois, Second Judicial District, Elgin, Illinois), from the judgment in this case in favor of Village of Glen Ellyn entered on the 27th day of January, 1977 granting Defendant's Motion for Summary Judgment, and the Plaintiff-Appellant prays that the reviewing Court reverse said judgment and award to Plaintiff-Appellant a new trial and remand this cause for a new trial."

Any fair reading of this notice of appeal, taking into consideration both the judgment complained of and the relief sought, would limit the proceeding before this court to a review of the order granting the defendant's amended motion for summary judgment. The plaintiff's failure to mention the denial of her motion for summary judgment in the notice of appeal is a matter of substance and not mere form. Accordingly, we will not concern ourselves with the appropriateness of the trial court's denial of her motion.

We turn to the question of whether the granting of the defendant's amended motion for summary judgment was appropriate under the circumstances of this case. The law of summary judgment has been consistently reiterated by the courts of this State, including this court. In the case of *Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 437, 344 N.E.2d 29, 32-33, we summarized the rules of law applicable to situations of summary judgment:

> "A motion for summary judgment should be granted where there is no genuine issue as to any material fact. The court is to determine the existence or absence of a genuine issue as to any material fact from the affidavits, depositions, admissions, exhibits and pleadings in the case. Pleadings may constitute admissions or be statements of fact, especially where verified.
>
>       * * *
>
> The summary judgment procedure is not intended to be used as a means of trying an issue of fact, but rather, the function of such procedure is to determine whether there is an issue of fact to be tried. The right of the moving party must be clear, undisputed and free from doubt, and determinable solely as a question of law. Facts must be presented, not conclusions and the judge may not, on a motion for summary judgment draw fact inferences. [Citation.]
>
> The right to summary judgment must be clear beyond question. [Citation.] If the court is presented with any set of facts about which reasonable men might disagree, summary judgment should be denied. [Citation.]
>
> If the issue is debatable the drastic remedy of summary judgment should not be granted and it should not be granted where the facts, although not in dispute, are subject to conflicting inferences and the parties disagree us to what their intention was as shown by the facts."

It is also well settled that in making its determination of the existence of issues of material fact a trial court should construe the pleadings and other documentation strictly against the moving party and liberally in favor of the opponent. *Washington v. Draper & Kramer, Inc.* (1973), 11 Ill. App. 3d 952, 298 N.E.2d 270; *Board of Education v. Green Valley Builders, Inc.* (1973), 10 Ill. App. 3d 235, 293 N.E.2d 183.

Before applying the above legal principles to the case at hand we take note of the fact that an off-the-record hearing was conducted in the chambers of the trial judge on the plaintiff's motion for summary judgment and upon a motion by the defendant to strike and dismiss the plaintiff's second amended complaint. As a consequence of that hearing

the trial judge drafted and sent an undated letter to counsel for both parties sometime prior to December 27, 1976, wherein he stated:

"For purpose of plaintiff's motion for summary judgment, the court accepts that under the pleadings and the oral stipulation of the attorneys the facts are not in dispute.

The court relying on the pronouncement of the PAEPCKE case holds:

1. That the Public Works Service Center is a public purpose which benefits the municipality as a whole, including to some degree the uses of the Lambert Lake property in the area of equipment and vehicle storage and repair, and access to the property for purposes of operation and maintenance, to mention a few;

That the diminution of the area of recreation and surface water drainage use would be small compared to the entire area;

That the Public Works Service Center is a use reasonably related to the trust uses imposed on the property by the bond referendum.

Therefore, plaintiff's motion for summary judgment is denied.

I suggest that the attorneys for the parties draft a stipulation of facts setting forth the size, location, and intended uses of the Public Works Service Center; that based on the stipulation of facts the defendant submit to the court a motion for summary judgment; that defendant's attorney draft an order incorporating the provisions of my decision."

It is to be specifically noted that the trial court was considering at this point, solely the plaintiff's motion for summary judgment and defendant's motion to strike plaintiff's amended complaint. There is nothing in the trial judge's letter which indicates that he was considering a motion for summary judgment by the defendant. As a matter of fact, in his letter he suggests that "* * * defendant submit a motion for summary judgment * * *." Apparently as a result of this letter the defendant filed its amended motion for summary judgment. The plaintiff vigorously opposed this motion and the judge's holdings by means of affidavits, depositions, exhibits and written objections. Plaintiff's attorney, by affidavit filed in the trial court prior to the entry of the order herein, stated that there was no oral stipulation as to the facts pertaining to the defendant's amended motion for summary judgment. Notwithstanding the documents submitted by the plaintiff, summary judgment was entered on the defendant's amended motion. The written order of court granting that motion restated, verbatim, the three holdings of fact made by the trial court in its letter to counsel.

It is necessary here to point out that the trial court was relying on the case of *Paepcke v. Public Building Com.* (1970), 46 Ill. 2d 330, 263 N.E.2d 11, for the legal basis of its decision. In *Paepcke* the supreme court, in dicta, cited with approval five tests enunciated by the Supreme Court of Wisconsin for approving the diversion of public trust lands. These tests are:

> "(1) that public bodies would control use of the area in question, (2) that the area would be devoted to public purposes and open to the public, (3) the diminution of the area of original use would be small compared with the entire area, (4) that none of the public uses of the original area would be destroyed or greatly impaired and (5) that the disappointment of those wanting to use the area of new use for former purposes was negligible when compared to the greater convenience to be afforded those members of the public using the new facility." (46 Ill. 2d 330, 343-44, 263 N.E.2d 11, 19.)

While the appropriateness of these tests to the instant situation is not an issue presently facing this court, they are germane to the question of whether the defendant's motion for summary judgment was properly granted.

■■ When viewed in their proper context, the *Paepcke* tests require a finder of fact to make certain decisions as to the relative balance of public interests and compatibilities. Factual inferences drawn by reasonable men are a necessary prerequisite to their application. Bearing this in mind, we hold that the trial court was, of necessity, drawing factual inferences in the capacity of a finder of fact. As stated above, this is singularly inappropriate in summary judgment situations. While the factual finding of the judge may well be correct, an opportunity should have been given to the parties to present evidence at trial on the merits of the factual dispute. Since it can fairly be said that reasonable men could differ over the consistency of the proposed building with the uses for which the land was purchased, we hold that the defendant's motion for summary judgment was improperly granted. Therefore, we reverse and remand this case for trial on the merits.

Reversed and remanded.

SEIDENFELD and NASH, JJ., concur.