MORRIS LEVY, Petitioner-Appellant, *v.* ESTHER LEVY DICKSTEIN, Respondent-Appellee.

First District (5th Division)   No. 78-165

Opinion filed March 9, 1979.

Jason E. Bellows, of Bellows & Bellows, of Chicago, for appellant.

Burton Sapoznick, of Chicago (Robert P. Sheridan, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Petitioner appeals from an order of the circuit court of Cook County which dismissed his petition to register an Indiana divorce decree under the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1975, ch. 77, pars. 88 through 105). The sole issue on review is whether the trial court erred in finding that the Indiana divorce decree was not entitled to full faith and credit in Illinois. We affirm. The pertinent facts follow.

The parties were married in Illinois in 1966. They separated in 1973, and respondent filed a complaint for divorce in the circuit court of Cook County. Petitioner, who resided in Indiana, did not personally appear in the Illinois divorce proceedings, but he signed a property settlement agreement dated November 7, 1973, and stipulated therein to have the cause heard as a default matter. The settlement agreement was incorporated into the judgment for divorce, which was entered on January 27, 1974. Petitioner was not represented by counsel prior to the issuance of the Illinois judgment.

Petitioner remarried in Indiana in March 1974. Respondent also remarried in September 1975. In February 1975 respondent filed a petition for rule to show cause in the circuit court of Cook County. Petitioner appeared, represented by counsel, and in an agreed order obtained a reduction in the amount of petitioner's child-support payments.

In December 1975 petitioner filed a petition in the Indiana courts for dissolution of the same marriage. Respondent filed an answer to the petition which stated that the marriage had already been dissolved and attached a copy of the Illinois divorce judgment. Before the trial on the Indiana petition began in 1976, respondent petitioned the circuit court of Cook County to enjoin petitioner from pursuing his Indiana case. Following the filing of petitioner's response, and after a hearing at which petitioner was again represented by counsel, the injunction was issued.

The action in Indiana went to trial, although respondent did not participate after filing her answer. The Indiana court found that the Illinois court had been without jurisdiction over petitioner and the subject matter, and that the property settlement had been "unfairly entered into" in Illinois, thereby depriving petitioner of due process. The Indiana court then granted petitioner a divorce.[1]

---

[1] We note that petitioner had agreed in the Illinois courts to pay $300 per month for child support, to contribute to his child's college expenses, and to maintain a life insurance policy until the child reached the age of 18, or, if attending college, 22. The Indiana decree provided for monthly child support of $150 but did not contain the additional requirements agreed to in Illinois.

Petitioner brought the present action to register the Indiana divorce decree in Illinois. Petitioner's request was denied, the court finding that Illinois public policy prevailed over the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, §1), because petitioner had accepted the benefits and privileges of the Illinois divorce decree by remarrying and thereafter had obtained another, more favorable, divorce in Indiana from the same woman. Petitioner has appealed from the dismissal of his petition to register the Indiana divorce decree.

OPINION

■■ On appeal, petitioner contends that the case must be approached from the point of view of the Indiana court and that its judgment is entitled to full faith and credit in Illinois because respondent participated in the Indiana court and never challenged that decree in Indiana. Respondent, on the other hand, maintains that the Indiana court was without subject matter jurisdiction to grant the divorce because the marriage of the parties had already been dissolved by the Illinois courts. However, the emphasis of both parties on the Indiana aspect of this case serves only to distract from the real issue before us. That issue is most specifically stated as whether the principle of full faith and credit requires the enforcement in Illinois of an Indiana divorce decree when a divorce in the same marriage of the same parties has already been decreed in Illinois and has never been challenged in Illinois. We conclude that it does not.

■■ Petitioner is attempting to bring a collateral attack on the Illinois divorce judgment by seeking the enforcement of the successful collateral attack made on that judgment in the Indiana courts. Relying on *Sherrer v. Sherrer* (1948), 334 U.S. 343, 92 L. Ed. 1429, 68 S. Ct. 1087, petitioner maintains that the Illinois courts cannot re-examine the Indiana proceedings because respondent participated in the Indiana action by filing a general appearance. However, petitioner ignores the fact that his Indiana action collaterally attacked the Illinois divorce judgment and that *Sherrer* further holds that a party may not bring a collateral attack in a sister State against a judgment which is not subject to such an attack in the State of the original forum. (334 U.S. 343, 351-52, 92 L. Ed. 1429, 1436, 68 S. Ct. 1087, 1091.) We will therefore first consider whether the Illinois divorce judgment is subject to collateral attack in our courts.

■■ The law pertaining to collateral attacks on judgments and decrees is set forth in *Anderson v. Anderson* (2d Dist. 1955), 4 Ill. App. 2d 330, 344, 124 N.E.2d 66, 73:

"In case of a collateral attack on a decree of a court of record, a court of general jurisdiction, all presumptions are in favor of the validity of the decree; when acting within the scope of its authority it is presumed to have jurisdiction to enter the decree until the

contrary appears; nothing is presumed to be without its jurisdiction which does not specially appear to be so; want of jurisdiction to enter the same must affirmatively appear on the face of the record to furnish a basis for collateral attack; it can be attacked collaterally only by the record itself, such cannot be shown aliunde the record, its records import verity, and the 'record' consists only of the pleadings, process, verdict, judgment or decree, and does not include the evidence, certificate of evidence, or bill of exceptions: [citations]."

The record before us of the Illinois divorce consists solely of the judgment for divorce and two post-judgment orders. The judgment, dated January 27, 1974, contains specific statements that petitioner had been personally served and that it had been stipulated and agreed that the cause was to be heard as a default matter. The judgment also includes a finding that the court had jurisdiction both over the parties and over the subject matter. Attached to, and incorporated in, the judgment is the settlement agreement signed by both parties and containing a provision stating that petitioner had stipulated to having the divorce heard as a default matter. The first post-judgment order, dated March 25, 1975, is an agreed order entered after respondent had filed a petition for rule to show cause and petitioner had filed his response. The second order was entered March 26, 1976, and states that petitioner's attorney was present and had submitted a motion to strike respondent's petition for an injunction. The order also contains a finding of jurisdiction over petitioner.

No other portions of the record of the original Illinois divorce proceedings have been presented to us. The duty is on the part of the one challenging the decree to bring the record before this court and where parts of the record are lacking, there is a presumption that the trial court acted properly. (*Flynn v. Flynn* (1977), 45 Ill. App. 3d 865, 360 N.E.2d 401; *Glover v. Glover* (1974), 24 Ill. App. 3d 73, 320 N.E.2d 513.) The record before us contains an explicit finding of jurisdiction and petitioner has shown us no part of it which can support a challenge to the jurisdiction of the court in the Illinois proceedings.

◼ Generally, a judgment is not subject to a collateral attack by a party who has accepted the benefits of the judgment he seeks to attack, and a remarriage following a divorce is considered an acceptance of the benefits of that divorce. (*Varap v. Varap* (1966), 76 Ill. App. 2d 402, 222 N.E.2d 77; *Henley v. Houck* (1964), 49 Ill. App. 2d 472, 200 N.E.2d 99; *McDonald v. Neale* (1962), 35 Ill. App. 2d 140, 182 N.E.2d 366.) This is especially true when a party has never pursued the opportunity to attack the judgment directly either through a motion to vacate or by bringing an appeal. (*Lemons v. Lemons* (1978), 57 Ill. App. 3d 473, 373 N.E.2d 544; see also *Glover v. Glover* and *Henley v. Houck*.) We have no record that

petitioner has ever sought to challenge the divorce judgment in the Illinois courts, although he retained counsel in Illinois who appeared on his behalf in the two post-judgment proceedings. Moreover, as a result of one of the post-judgment orders, he further benefited through the reduction of his child support payments and through the limitation of his responsibilities for his child's medical expenses.

It is true, however, as petitioner contends, that a divorce judgment may be collaterally attacked on jurisdictional grounds, but such an attack is limited to instances involving fraud which gives the court only colorable jurisdiction over the marriage itself. (*In re Adoption of Weller* (3d Dist. 1977), 47 Ill. App. 3d 492, 362 N.E.2d 73.) Furthermore, the fraud must be relied on to the challenging party's detriment and must be pleaded with particularity. (*Alikonis v. Alikonis* (4th Dist. 1976), 36 Ill. App. 3d 159, 343 N.E.2d 161.) No pleadings have been submitted to the Illinois courts upon which to base a claim of fraud. Petitioner's only claim of fraud is contained in his reply brief in this court and his testimony in Indiana, neither of which are part of the record in the Illinois divorce. It is also difficult to conceive of any detriment to petitioner when the actions of the Illinois court left him free to remarry and later reduced the financial burden of that freedom.

The cases cited by petitioner in support of his jurisdictional challenge are inapposite. In *Collins v. Collins* (1958), 14 Ill. 2d 178, 151 N.E.2d 813, the court allowed a collateral attack where an error going to the court's subject matter jurisdiction was found on the face of the decree. There, a divorce had been granted on the grounds of two years public drunkenness, although the parties had been married less than two years. The court held that jurisdiction over the marriage itself was impossible under the circumstances. No such contradictory findings appear in the Illinois judgment, or elsewhere in the record of the Illinois divorce being challenged here. In *Keck v. Keck* (1974), 56 Ill. 2d 508, 309 N.E.2d 217, a wife successfully attacked the subject matter jurisdiction of a foreign State which had granted a divorce to the husband in a default proceeding. The husband had moved to the other State, established residence there, retained both his job and his apartment in Illinois, and returned here shortly after the divorce was granted. Our supreme court held that the husband had not established a bona fide domicile in the other State, and that therefore the divorce decree was not valid and was not entitled to full faith and credit in Illinois. While the instant case involves a default judgment in Illinois, it was agreed by petitioner that the matter would be so decided. In addition, petitioner had agreed to the terms of the divorce settlement, had been personally served and had twice participated in post-judgment proceedings. In spite of these numerous opportunities, at no time did petitioner challenge the subject matter jurisdiction of the

Illinois court. If he did, the only record we have shows that the issue was resolved in favor of jurisdiction and petitioner accepted that determination by never challenging it in further proceedings in the Illinois courts.

■■ Clearly, then, the Illinois divorce judgment is not subject to collateral attack in this State, and on that basis alone petitioner's attempt to register the contrary Indiana decree was properly denied.

■■ Petitioner, however, would prefer that we ignore the well-established policy against collateral attack and view full faith and credit as a requirement that we allow the Indiana divorce decree to be registered here. Full faith and credit requirements in the context of a jurisdictional attack were considered in *In re Estate of Day* (1955), 7 Ill. 2d 348, 131 N.E.2d 50, in which our supreme court stated:

> "The rule may now be taken as established that the constitutional requirement of full faith and credit bars either party to a divorce from collaterally attacking the decree on jurisdictional grounds in the courts of a sister State, where the defendant participated in the divorce proceedings and was accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered it. (*Sherrer v. Sherrer*, 334 U.S. 343, 68 S. Ct. 1087, 92 L. Ed. 1429; *Coe v. Coe*, 334 U.S. 378, 68 S. Ct. 1094, 92 L. Ed. 1451.)" (7 Ill. 2d 348, 351-52, 131 N.E.2d 50, 52.)

The court went on to say that:

> "[I]n this State a divorce decree showing on its face the required period of residence on the part of the plaintiff cannot be collaterally attacked where the defendant appeared in the divorce suit and had an opportunity to be heard on the issue. (*Steffens v. Steffens*, 408 Ill. 150.)" 7 Ill. 2d 348, 352, 131 N.E.2d 50, 52.

The extent of the defendant's activity is not the basis for deciding the susceptibility of a decree to collateral attack. It is the opportunity to contest the jurisdictional issues which controls. 7 Ill. 2d 348, 353, 131 N.E.2d 50, 52.

■■ Applying these principles to the instant case, we conclude that the Illinois judgment could not be collaterally attacked in another State and the decision of the Indiana court is consequently not entitled to full faith and credit in Illinois. As we have already stated, the Illinois divorce decree cannot be collaterally attacked here. Although petitioner here apparently did not file a formal appearance in the original divorce proceedings, he participated by entering into the settlement agreement and thereby consented to the court's actions. Moreover, any claim that he did not appear is waived by petitioner's subsequent appearances and participation in the post-judgment matters. Petitioner had ample

opportunity to raise his jurisdictional challenge in Illinois and did not do so. Therefore, the Illinois judgment was not subject to the collateral attack made in Indiana.

■ Even if we assume that petitioner could launch such an attack on the Illinois judgment in Indiana, full faith and credit does not require that the Illinois courts subordinate their unchallenged determination to the determination of the courts in another State. The United States Supreme Court has recognized that jurisdictional matters may be determined by a sister State before it recognizes a foreign judgment, but those determinations are not binding on other States. (*Williams v. North Carolina* (1945), 325 U.S. 226, 89 L. Ed. 1577, 65 S. Ct. 1092.) This principle has been followed in Illinois. (See, *e.g., Fink v. Fink* (3d Dist. 1976), 37 Ill. App. 3d 604, 346 N.E.2d 415.) Therefore, just as the Illinois court's jurisdiction could be re-examined in Indiana under this theory, so could Indiana's jurisdiction be re-examined in Illinois. This compels the conclusion that, because of the unchallenged Illinois decree, there was no marriage to support Indiana's subject matter jurisdiction, and the Indiana decree is therefore void and not entitled to full faith and credit in Illinois.

Full faith and credit was not established to provide a shield to enable a party to flout the power of this State's courts by attacking that power elsewhere. The registration of the Indiana judgment in Illinois would create an extraterritorial system of review permitting courts of other States to decide which of our unchallenged, presumably valid judgments they will allow us to enforce. It would permit the relitigation of issues, rendering the doctrine of *res judicata* meaningless. It could conceivably result in the practice of having the parties to a divorce travel from State to State to attack an unsatisfactory judgment until the judgment became final only through the exhaustion of the number of available forums. Such results are entirely contrary to the principles of full faith and credit expressed by the Supreme Court in *Williams v. North Carolina* and its progeny.

Accordingly, for all of the foregoing reasons, the order dismissing petitioner's request to register the Indiana divorce decree is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.