BESSIE CONLEY, Adm'x *de bonis non* of the Estate of Brenda Atkins, Deceased, Plaintiff-Appellant, *v.* PEOPLES GAS, LIGHT & COKE COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 79-493

Opinion filed March 31, 1980.

James J. Riedy, Ltd., of Chicago (Anthony C. Sabbia, of counsel), for appellant.

William J. Winger, Barbara Baran, and David T. Hejna, all of Ross, Hardies, O'Keefe, Babcock & Parsons, and John D. Cassiday and Michael J. Morrissey, both of Cassiday, Schade & Gloor, both of Chicago, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This wrongful-death action was brought originally by John Atkins, husband of the deceased, Brenda Atkins, acting as administrator of her estate, to recover damages for the alleged negligence of defendants in allowing carbon monoxide gas to escape and accumulate in the deceased's residence, resulting in her death. Atkins was succeeded by Claude Murphy as administrator who was himself removed in favor of plaintiff, Bessie Conley. Prior to a trial the circuit court entered an order reciting that the case had been settled and dismissing the cause with prejudice. From this order and from the order denying the petition to vacate the dismissal, plaintiff now appeals. Plaintiff contends the petition to vacate was improperly denied in that the judge failed to recognize his discretion to vacate an order entered "with prejudice" and that the underlying settlement itself was invalid since Conley, as the acting administrator, had never acquiesced in it. Plaintiff further claims that the order dismissing the lawsuit was void since it failed to comply with Supreme Court Rule 218(b) governing pretrial proceedings.

Plaintiff also made a motion, 10 months after the notice of appeal, to present a supplemental brief regarding the propriety of the trial court's issuance of discovery sanctions dismissing John Atkins from the suit two years prior to the alleged settlement on behalf of the decedent's children. We have taken that motion with the case.

On October 1, 1973, Brenda Atkins was asphyxiated because of a gas leak in her rented residence. Her two children were living with her at the time, but her husband was residing in Mississippi. In April of 1974 letters of administration were issued appointing John Atkins, the husband, guardian of the minors' persons and estates and awarding him custody of the children. Approximately one year later, a wrongful-death action was

instituted by the administrator, Atkins, on behalf of the heirs against the owners of the rental property and Peoples Gas Company.

On April 18, 1975, a set of interrogatories was served on Atkins. When Atkins failed to respond or to attend scheduled depositions by September of 1975, defendants moved to dismiss. This motion was continued on plaintiff's behest and he was given until early November to comply with the discovery requests. Instead, in response to letters from defendants' attorneys demanding immediate compliance, plaintiff's attorney wrote defendants to ask what the earlier court order had included. In March of 1976, defendants responded. Two months later defendants' attorneys again wrote the attorney for plaintiff demanding discovery compliance and warning that they would seek dismissal if such were not forthcoming. On August 5, 1976, the threatened motion to dismiss was made on behalf of defendants. Plaintiff's attorney responded by stating that Atkins was not a resident of Illinois and as such was not qualified to act as administrator. The response also claimed that the real parties in interest were Victoria and Gloria Atkins, the children of decedent. It was stated that prior to any further proceedings a successor administrator had to be named and the present administrator was to be removed. Plaintiff's attorney thus nominated a new administrator, Claude Murphy. Judge Bua directed that a discovery deposition be given on August 11, 1976, but once again, Atkins did not appear. Supplemental interrogatory answers were filed on August 25 and, at that time, attorney Mauldin represented to the court that he had been unable to contact Atkins. As a result, discovery sanctions were issued against Atkins:

> "That John Atkins, for failure to give his discovery deposition on August 24, 1976 and for failure to execute sworn answers to certain interrogatories pursuant to court orders of August 11, 1976 and October 10, 1975, be and same is hereby barred forever from making any claim whatsoever arising out of the death of Brenda Atkins and is further barred from any claim or proceeds which may be or shall be due to the estate of Brenda Atkins or to Victoria and/or Gloria Atkins and that John Atkins be barred from the filing of any action whatsoever against any defendant herein, either under the complaint or the amended complaint, or any other person, firm or corporation arising out of the death of Brenda Atkins."

Judge Bua's order also required that the new administrator, Claude Murphy, appear for a deposition on September 7, struck the supplemental answers to interrogatories and ordered that new answers be given, and continued defendants' motions to dismiss. The next day an amended complaint in the wrongful-death action was filed by Murphy. Subsequently second and third amended complaints were also filed.

Nearly 11 months later, in July 1977, Murphy filed a petition to vacate the portion of the August order which imposed discovery sanctions dismissing and barring Atkins' claims. Hearing on the petition was continued several times and eventually the petition was denied on February 6, 1978.

The wrongful-death action, with the children as remaining heirs, proceeded through discovery and other pretrial matters before Judge Kaplan. On August 7, defendants' motion to dismiss was denied and a new defendant, Robert Nevry, janitor in the Atkinses' residence at the time of the gas leak, entered his appearance and filed a motion to dismiss. Hearing on that motion was continued until September 21.

On August 26, 1978, defendants' attorneys sent administrator Murphy's attorney (Sidney Altman) various release forms and a stipulation to dismiss indicating that all forms needed to be completed prior to issuing drafts. Defendants' attorney asked that he be informed if anyone other than Atkins was to be administrator on the date the settlement was to be made since certain papers would in that event need redrafting. On that same date, August 26, Atkins petitioned the probate division of the circuit court for removal of Claude Murphy as administrator and for substitution of Bessie Conley. Atkins' petition stated that Murphy had been appointed only after misrepresentations were made to Atkins that acquiescence in Murphy's appointment was necessary because neither he nor his aunt, Bessie Conley, living in Chicago, would qualify as administrator. He further charged that his former counsel, now discharged, had wrongfully appointed Murphy so that the forthcoming disbursements on the suit could be controlled. Atkins also averred that Murphy was unqualified to act as administrator and had neglected his duties. On September 19 a notice was sent to all parties that a motion for continuance would be sought by Atkins and a copy of the probate petition was attached. The petition was stamped August 24. Atkins, as guardian of the estate and persons of the minor children, moved for this continuance of the wrongful-death proceeding on September 21 while the probate division was resolving the administrator appointment dispute. Atkins' attorney, Lamont Strong, filed his appearance in the wrongful-death action on that same date. Atkins had filed a supplemental petition in probate to remove Murphy on September 19. In that petition Atkins added allegations that Murphy had refused to communicate with him, had pursued a settlement of the wrongful-death claim over Atkins' objections, and had insisted the action be settled for an amount not in the best interests of the children. On September 19, Altman moved to amend portions of his motion for attorney's fees and sent copies to all attorneys, including Strong.

Meanwhile, in the wrongful-death action, two days after Atkins filed

his initial petition in the probate division (August 26, 1978), Altman, Murphy's attorney, moved to advance the schedule for the September hearing on the motion to dismiss for two additional weeks. On September 11, Altman filed his petition for the adjudication of attorney's fees. The next day, September 12, Altman moved to advance the time for filing an answer to defendant Nevry's motion or to allow filing of an answer instanter "after advising the court that Sidney S. Altman has been 'discharged' by the guardian 'John Atkins' who has no other direct interest in the proceedings; that Sidney S. Altman is still attorney of record." A copy of this notice was sent to defendants' attorneys and presented to the court. Altman also filed the answer to Nevry's motion to dismiss on that date.

The probate division approved the substitution of Bessie Conley as administrator for Murphy on October 5, 1978. On November 13, Judge Giliberto granted a motion to substitute Conley for Murphy as plaintiff in the wrongful-death action and to amend all pleadings accordingly. Conley's attorney, Strong, gave notice immediately that he would enter an appearance in the wrongful-death action for the new administrator, Conley; the appearance was entered November 17. Meanwhile, Judge Kaplan continued the case on pretrial from September 21 to October 6 and on the latter date to November 30. On November 30, Judge Kaplan entered the order which precipitated this appeal:

| "Claude J. Murphy, Sr., Administrator of the Estate of Brenda Atkins, deceased. | People's Gas, Light & Coke Company, Jack Goldstein and v. Maurice Polisky, d/b/a Jack Morris Realty and individually Robert Neverly[*sic*]. |
|---|---|

THIS MATTER COMING on for pretrial and the court being full advised in the premises, and all parties appearing by counsel and personal representatives, and non-parties also appearing with counsel, and all facts regarding liability, injuries and damages having been made known to the Court over the course of many extensive pre-trial conferences:

IT IS HEREBY ORDERED that the Court finds that the case has been settled by the parties to this suit for the sum of $50,000.00.

IT IS FURTHER ORDERED that the settlement of $50,000.00 is fair and just and in the best interests of the Estate of BRENDA ATKINS.

IT IS FURTHER ORDERED that this suit be and hereby is dismissed with prejudice."

The order further recited that drafts were to be deposited by the defendants to the extent of their respective liabilities with the clerk of the probate division.

Within 30 days, Conley filed a petition to vacate the above order. She alleged that she was the properly appointed administrator and as such had not agreed to settle the case, nor had she authorized a legal representative to settle the case; that she was not notified that a motion to dismiss was pending or that a hearing on dismissal would be held; that Supreme Court Rule 218(b) was violated in that the order did not set forth the settlement agreement; and that the case was not properly pending before Judge Kaplan at the time of the dismissal.

The motion was denied, and the following order was issued, by Judge Engelstein:

"This cause coming on to be heard on the motion of the plaintiff Bessie Conley, administratrix of the Estate of Brenda Atkins, deceased, to vacate the order entered on November 30, 1978 by the Honorable Judge Nathan Kaplan dismissing this cause with prejudice due notice having been given and the court being fully advised in the premises.

It is hereby ordered that this Court denies the petition to vacate on the grounds that the order entered by Judge Kaplan on November 30, 1978 dismissed this cause with prejudice."

Notice of appeal was filed within the prescribed 30-day period; this notice read:

"BESSIE CONLEY, Administratix de bonis non of the Estate of BRENDA ATKINS, deceased; plaintiff-appellant, in the above entitled cause, hereby appeals to the Appellate Court of Illinois, First District, from the order, (each and every paragraph, conclusion, finding and Order in said order) entered in said cause on November 30, 1978 dismissing, with prejudice, the above-captioned law suit and from the order (each and every paragraph, conclusion, finding and Order in said order) entered in said cause on December 29, 1978 denying plaintiff's motion to vacate the order dismissing the cause of action.

Plaintiff-appellant prays that both of said orders may be reversed, and that the above-entitled cause be remanded to the Circuit Court of Cook County, Illinois for trial."

On appeal plaintiff raises two basic issues, first, that the dismissal order was improperly entered because there was no valid settlement, and second, that John Atkins was incorrectly barred from any claim in the suit because the discovery sanction dismissing him was an abuse of discretion. The merits of neither issue however can be reached by this appeal; procedural aspects govern the disposition of both issues.

■■■ At the motion to vacate the dismissal order, a verified petition was presented alleging a number of grounds for reconsideration of the November 30 order. No response to the petition appears in the record, and there is similarly no transcript. The only evidence of what transpired is the order. It recites that the grounds for the denial of the petition to vacate were the "order entered by Judge Kaplan on November 30, 1978 dismissed this cause with prejudice." It is well established that where a judge holds the erroneous belief he lacks discretionary authority and he makes a summary ruling on that basis, the court commits reversible error. (*Powers v. Powers* (1979), 69 Ill. App. 3d 485, 388 N.E.2d 76.) Whether or not a court should vacate and set aside a judgment within 30 days after its entry generally rests in the sound discretion of the court, depending on the facts presented. (*E.g., Glenner v. Chicago Transit Authority* (1972), 9 Ill. App. 3d 323, 326, 292 N.E.2d 217.) In the instant case, administrator Conley's petition to vacate was filed on December 29, within the 30-day period for such motions, and was entitled to review based upon the facts presented in it. Instead, the order specifies only the earlier dismissal "with prejudice" as the reason for the denial of the motion to vacate. A dismissal with prejudice does not foreclose the discretion of the court to review its earlier action when timely presented. Thus the case must be remanded for consideration of the factual matter in the motion to vacate.

Since some of the same issues that are raised on this appeal may recur on remand, a brief discussion is appropriate. Defendants contend that the dismissal order was based on the presentation of a consent decree to Judge Kaplan. Plaintiff counters that it was not a consent decree because she did not approve it and Murphy, having been previously removed as administrator, had no authority to approve it. Defendants claim two alternative bases for the validity of the "consent decree." First, they contend that it was actually entered into prior to Murphy's removal as administrator, and as a successor administrator, Conley was bound. There is no evidence in the record of the date of the oral agreement, and indeed, there are indications that it was not completed prior to attorney Strong's initial efforts in the probate division to have Murphy removed. As late as September 12, Attorney Altman was still filing substantive answers to defendants' motions. Similarly, although forms of release and stipulated dismissal had been sent to Altman, there is no evidence of their completion in the record. On September 19, Strong sent a notice to all parties of his intention to request a continuance of the wrongful-death action until some disposition was made on the substitution of administrators. He attached the probate petitions which made strong accusations about alleged misconduct by Murphy. At that point all parties would have to be on notice that there was a definite dispute as to Murphy's status as administrator and representative of the estate,

including the nature and extent of his authority. Therefore without evidence that the "agreement" was finalized prior to the November 30 order, we must examine it as of that date.

Defendants' alternate basis for validity speaks to that possibility. They contend that the error in the caption which listed Murphy as the administrator was a mere misnomer and that in reality, Conley had approved the consent order and waived her right to object. Since she was merely a participant in the ongoing wrongful-death action, one that had been through extensive discovery and pretrial motions prior to her entry as administrator, her interests had already received an opportunity to be heard and no right to re-open the action existed. Once again this argument subsumes two disputed facts, first, that the settlement was fully integrated prior to her entry, and second, that her interests were not antagonistic to Murphy. In each of those cases cited by defendants for the proposition that the error in captions was a mere misnomer, the mistake was clerical or not intrinsic to the dispute itself. The misnomer here, however, may speak to a misunderstanding of who are proper parties itself. If, on remand, it appears that Conley or her legal representative was present at the November 30 pretrial and stood by making no objection to the entry of the dismissal order based upon the settlement, the motion to vacate could be properly denied. Nonetheless, absent such obvious ratification, it would be grossly unfair to bind the administrator to an oral agreement with an unknown date of integration by assuming that it must have been entered into prior to her appointment and Murphy's removal, simply because the case was dismissed with prejudice.

■ The second issue concerns the propriety of the discovery sanctions issued against John Atkins barring him from any further claim in the wrongful-death action. This issue was not raised in the notice of appeal; plaintiff's notice instead concerns itself solely with the "settlement" order of November 30 and the subsequent order denying the motion to vacate. Plaintiff asked that those two orders be reversed and that the cause be remanded to the circuit court. The scope of appellate jurisdiction is fixed by the notice of appeal and by later proper amendments thereto (see *International Industrial Leasing, Ltd. v. H. J. Coleman & Co.* (1978), 66 Ill. App. 3d 884, 384 N.E.2d 1), and is the only jurisdictional step necessary to perfect the appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) Plaintiff here has made no motion to amend her notice of appeal and has raised the additional issues initially only by way of a supplemental brief. That does not bring Atkins' dismissal within the scope of our jurisdiction. (See generally *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) Further, this is not a case where the issue excluded from the notice was preliminary to the final order so that raising one effectively and sufficiently raises the other. (Compare *Burtell v. First Charter Service*

*Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380.) Accordingly, the motion to present a supplemental brief must be denied as the issues contained therein are outside the scope of this appeal.

The wrongful-death action, however, brought on behalf of the minor children, Victoria and Gloria Atkins, is remanded to the trial court for a reconsideration of the motion to vacate.

Reversed and remanded with directions.

PERLIN, P. J., and DOWNING, J., concur.