E. M. MELAHN CONSTRUCTION COMPANY *et al.*, Plaintiffs, *v.* THE VILLAGE OF CARPENTERSVILLE, Defendant-Appellant.—(E. M. MELAHN CONSTRUCTION COMPANY, Plaintiff-Appellee.)

Second District    No. 80-152

Original opinion filed May 28, 1981.—Rehearing allowed July 27, 1981.—Original opinion adhered to October 30, 1981.

LINDBERG, J., specially concurring.

Richard W. Husted, of Elgin, for appellant.

Gary L. Griffin, Barry A. Spevack, and Cornelius Riordan, all of McNella & Griffin, Ltd., of Chicago, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Village of Carpentersville, seeks to appeal from judgments entered following directed verdicts and jury verdicts in favor of plaintiff, E. M. Melahn Construction Co., on both plaintiff's complaint and defendant's counterclaim. Defendant has also appealed from an order awarding prejudgment interest to plaintiff. Plaintiff cross-appeals from an order denying it attorney's fees and other relief sought pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41).

This action was commenced by plaintiff to recover for services performed under a roadway and sewer installation contract it had entered into with defendant. The primary controversy between the parties centered upon plaintiff's claims for extra work it alleged it was required to perform and its claim for prejudgment interest pursuant to section 2 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 2). In its counterclaim defendant sought damages from plaintiff for alleged negligent construction by plaintiff and the recovery of overpayments claimed to have been made to plaintiff. The trial court directed a verdict in favor of plaintiff for a portion of the extra work claimed and, on December 7, 1979, entered judgment against defendant for $43,850.36. It also entered judgment on that date in favor of plaintiff and against defendant on portions of the counterclaim. The remaining issues relating to plaintiff's claim for payment for additional work performed and the balance of defendant's counterclaim were submitted to the jury, which returned verdicts in favor of plaintiff for $6,907.66 on its complaint and found for plaintiff on defendant's counterclaim. Judgments were also entered on the verdicts of the jury on December 7, 1979.

On December 19, 1979, defendant filed a notice of appeal "from the order of December 7, 1979, * * * directing a verdict for plaintiffs and against defendant and the judgment order of December 7, 1979 entered pursuant thereto, in the amount of $43,850.36, and further appeals from the judgment on the jury verdict of December 7, 1979, in the amount of $6,907.66," praying that both judgments be reversed. On December 19 plaintiff also filed a motion that prejudgment interest, which it had sought in its complaint, be granted on the sums assessed against defendant by these judgments and for taxing its attorney's fees against defendant pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41). Defendant answered plaintiff's motion and, after a hearing on January 25, 1980, the trial court entered an order allowing prejudgment interest to plaintiff of $5,075.80 and denied plaintiff's request for attorney's fees. Thereafter, on January 25, defendant filed a notice of appeal "from that portion of the final order entered January 25, 1980 * * * which allowed prejudgment interest to the plaintiff in the amount of $5,075.80," which prayed that "said portion of the final order of January 25, 1980, be reversed." On February 22, 1980, plaintiff filed a notice of cross-appeal from that portion of the order entered January 25, which denied plaintiff's motion for attorney's fees under section 41 of the Civil Practice Act.

Plaintiff has filed a motion in this court to dismiss defendant's appeal from the jury verdicts for its failure to file a post-trial motion, asserting that defendant may not seek review of issues not specified in such a motion. (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(2) and (5); Ill. Rev. Stat. 1979, ch. 110A, par. 366(b)(2)(iii).) We have heretofore ordered that plaintiff's motion, together with defendant's objections thereto, be taken with the case. A threshold question is presented requiring us to determine what issues have been preserved for review. It is also the duty of this court to consider our jurisdiction to hear an appeal whether or not the issue has been raised by the parties. *Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 697, 393 N.E.2d 712, 713.

We note first that plaintiff filed a timely notice of cross-appeal from the order denying its claim for attorney's fees under section 41 of the Civil Practice Act but, as it has not argued that issue in its brief, we will not consider it further. See Ill. Rev. Stat. 1979, ch. 110A, par. 341(e)(7).

■■ Defendant failed to file any post-trial motion following the judgments entered December 7, 1979, which directed verdicts as to certain issues and entered judgment on the verdicts of the jury, nor did it file a post-trial motion following entry of the final judgment in this case on January 25, 1980. Claimed error generally will not be preserved for review unless it has been specifically raised in a post-trial motion pursuant to section 68.1(2) of the Civil Practice Act. (*Wilson v. Clark* (1981), 84 Ill. 2d 186,

189, 417 N.E.2d 1322, 1324.) In *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 349, 415 N.E.2d 337, 339, the court reviewed the reasons for the rule pointing out that it was necessary for a party to apprise the trial court of claimed errors in a post-trial motion (1) to give it an opportunity to reconsider the correctness of its earlier rulings in the case; (2) to permit the reviewing court to determine from the record whether the trial court had an adequate opportunity to reassess alleged erroneous rulings; and (3) to prevent litigants from raising on appeal arguments the trial judge had no opportunity to consider. (See also *Williamson v. Opsahl* (1981), 92 Ill. App. 3d 1087, 416 N.E.2d 783.) We conclude defendant has not preserved for review those claims of error for which it seeks reversal of the judgments entered upon the verdicts of the jury, and we will not consider them further.

■■ A different question is presented where defendant seeks to appeal from the verdicts which were directed by the trial court and its award of prejudgment interest. A narrow exception excusing the failure to present a post-trial motion in a case tried before a jury is recognized where a verdict has been directed by a trial court and, also, where the order for which review is sought was entered following discharge of the jury. (See *Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 223-25, 380 N.E.2d 786, 789-90; *Keen v. Davis* (1967), 38 Ill. 2d 280, 282, 230 N.E.2d 859, 861.) As to these issues we conclude defendant's failure to file a post-trial motion does not bar review.

Although not raised by plaintiff we must also consider the sufficiency of defendant's two notices of appeal to confer jurisdiction on this court to review the judgments for directed verdicts and the judgment entered on the verdict of the jury on December 7, 1979. Defendant filed a notice of appeal from these judgments on December 19; however, it was premature as the judgments were not final. Supreme Court Rule 304(a) provides that judgments determining fewer than all of the rights and claims in issue are not appealable unless the trial court finds "there is no just reason for delaying enforcement or appeal." (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a).) The trial court did not do so here, and the appellate court thus lacks jurisdiction to review those judgments insofar as they depend upon the December 19 notice of appeal to invest jurisdiction. (*Ariola v. Nigro* (1958), 13 Ill. 2d 200, 207, 148 N.E.2d 787, 791; *Bissett v. Gooch* (1980), 87 Ill. App. 3d 1132, 1135-36, 409 N.E.2d 515, 517; *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 1031, 368 N.E.2d 458, 459; cf. *Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364; *Farmar v. Crane* (1975), 32 Ill. App. 3d 383, 391, 336 N.E.2d 607, 613-14.) At the time defendant filed its first notice of appeal there remained in issue between the parties plaintiff's claim made in his complaint for prejudgment interest. The judgments entered December 7, 1979, were not appealable until

the further order for interest was entered on January 25, 1980. (See *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 408, 403 N.E.2d 1036, 1039.) Clearly, all issues in the case were then resolved and defendant could have properly appealed from all judgments theretofore entered in the case.

We must then consider whether defendant's January 25 notice of appeal was sufficient to permit this court to review the judgments entered on December 7. Supreme Court Rule 303(c)(2) provides that a notice of appeal "shall specify the judgment or part thereof appealed from and the relief sought from the reviewing court." (Ill. Rev. Stat. 1979, ch. 110A, par. 303(c)(2).) In its second notice of appeal defendant specified only the issue relating to prejudgment interest and sought its reversal. We think it is clear defendant intended to and did rely upon its first notice of appeal to preserve for review the earlier judgments; it is also apparent plaintiff mistakenly believed defendant had thus done so as both parties have briefed and argued those issues without objection by plaintiff on these grounds.

■■ Generally, when an appeal is taken from a specified judgment only, a reviewing court does not acquire jurisdiction to review other judgments which have not been specified in the notice of appeal. (*Illinois Central Gulf R.R. Co. v. Sankey Brothers, Inc.* (1979), 78 Ill. 2d 56, 61, 398 N.E.2d 3, 5; see also *Mooring v. Village of Glen Ellyn* (1978), 57 Ill. App. 3d 329, 331, 373 N.E.2d 35, 36.) In *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380, our supreme court noted that a notice of appeal is to be liberally construed and that appellate jurisdiction will be conferred,

> "* * * if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal. [Citations.] Unless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction. [Citations.]" (76 Ill. 2d 427, 433-34, 394 N.E.2d 380, 383.)

In *Burtell* appellant's notice of appeal stated it " 'appeals from the decree and judgment entered against it on June 1, 1976 in the sum of $89,998.22' " and asked it be reversed. (76 Ill. 2d 427, 431.) It failed, however, to include mention of an earlier decree entered December 19, 1975, in the same cause which had found that a joint venture existed between the parties and ordered an accounting. The judgment finally entered and described in the notice of appeal was for the sums found due under the accounting. The supreme court held that the notice of appeal was sufficient to confer jurisdiction to also review the decree of December 19,

1975, as the trial court's finding of a joint venture was a preliminary determination necessary to the ultimate relief sought by plaintiff, a money judgment based upon the accounting, and a step in the procedural progression leading to the judgment of June 1, 1976.

In the present case, however, defendant's January 25 notice of appeal is directed only to the judgment for prejudgment interest and requests only that it be reversed. The issue of whether plaintiff was entitled to prejudgment interest under section 2 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 2) is only indirectly dependent upon the judgments entered December 7, 1979, which fixed the principal sum found due to plaintiff. In our view, defendant's limited notice of appeal, which does not seek to set aside the earlier judgments, cannot fairly be considered as a vehicle for review of those judgments. We conclude the failure to include the December 7 judgments in defendant's notice of appeal is of substance, not merely of form, and decline to review those issues except insofar as may be necessary to consider the question of prejudgment interest. See *Conley v. Peoples Gas, Light & Coke Co.* (1980), 82 Ill. App. 3d 1094, 1101, 403 N.E.2d 625, 630.

In summary of the jurisdictional quagmire presented in this case, we have determined that plaintiff's cross-appeal will not be considered as it was not argued; the judgments entered December 7, 1979, will not be reviewed as they are not within the scope of defendant's limited notice of appeal; the judgments entered December 7 on the verdicts of the jury will not be considered for the further reason defendant failed to present a post-trial motion to the trial court. The issues of the case as they relate to the judgment for prejudgment interest will be reviewed.

The trial court awarded plaintiff prejudgment interest on the sum of the judgments entered December 7, 1979, for the two-year period preceding that date. Defendant contends the court erred for these reasons: (1) defendant withheld payment for claimed extra work in good faith and without unreasonable and vexatious delay in making payment; (2) the fact the parties contract required judicial construction bars interest; (3) plaintiff failed to satisfy a contract requirement of acceptance of the work by defendant prior to payment becoming due, and (4) the amount of interest should be reduced as all of the work was not completed during the period for which interest was awarded.

Section 2 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 2) provides:

> "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts

between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment."

■■■ Defendant relies on *Watson Lumber Co. v. Guennewig* (1967), 79 Ill. App. 2d 377, 226 N.E.2d 270, in arguing it withheld payment in good faith, without unreasonable or vexatious delay. This court has rejected the *Watson* court's reasoning in two cases in which we held that the existence of a good-faith dispute and the unreasonableness of any delay in payment "only affects that portion of section 2 of the Interest Act which relates to 'unreasonable or vexatious delay' and that it has no applicability to cases involving instruments in writing * * *." (*KFK Corp. v. American Continental Homes, Inc.* (1979), 71 Ill. App. 3d 304, 314, 389 N.E.2d 232, 239; *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 332, 389 N.E.2d 226, 231.) A building or construction contract is an instrument in writing within the meaning of the interest statute. (*Smith v. Gray* (1925), 316 Ill. 488, 499, 147 N.E. 459, 464; see *Keeler v. Herr* (1895), 157 Ill. 57, 41 N.E. 750.) While the recovery by plaintiff was for extras outside the scope of the construction contract, the cost of each extra was agreed upon by plaintiff and an agent of the village (its engineers) prior to the commencement of each project. These agreements were reduced to writing in change orders submitted by plaintiff to defendant and approved by its agents. Defendant has not included in the record a report of proceedings of the hearing on prejudgment interest; we cannot determine whether the issue of whether defendant reasonably delayed payments was presented to the trial court. In the absence of a report of proceedings it will be assumed that the court heard adequate evidence to support a determination that defendant's delay in payment was unreasonable and vexatious (*Levy v. Dickstein* (1979), 70 Ill. App. 3d 180, 184, 388 N.E.2d 97, 100; *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 479, 378 N.E.2d 1130, 1134), even if such a finding was required to support an award of interest in this case. Defendant cannot therefore be heard to complain there was a good faith dispute excusing delay in payment.

Defendant again relies on *Watson* as authority in support of its second argument. The court there held it error "to allow interest on an amount due when, as here, that amount depends largely upon the construction placed on the terms of a contract, * * *." (79 Ill. App. 2d 377, 398, 226 N.E.2d 270, 280.) This determination is in accord with the general rule that interest may be awarded only when the sum due is liquidated or subject to exact computation. (*Central National Chicago Corp. v. Lumbermens Mutual Casualty Co.* (1977), 45 Ill. App. 3d 401, 409, 359 N.E.2d 797, 802.) In the present case the trial court did construe the construction contract, but only to determine whether the village was liable for the

amounts which its engineers had agreed were the costs of the "extra" items of work done by plaintiff. An *amount* due under a contract is liquidated when the parties agree on that amount. (See *John Kubinski & Sons, Inc. v. Dockside Development Corp.* (1975), 33 Ill. App. 3d 1015, 339 N.E.2d 529.) Defendant's second contention is not persuasive because while its liability for certain extras required judicial determination the amount due if it was found liable was ascertainable. *Martin v. Orvis Brothers & Co.* (1974), 25 Ill. App. 3d 238, 251, 323 N.E.2d 73, 83.

■■ Defendant next contends that plaintiff's failure to satisfy a final inspection meant no sum ever became due for extras under the contract, especially the retained funds the release of which was expressly made subject to such final inspection and acceptance of the work by the village. We believe *John Kubinski & Sons, Inc. v. Dockside Development Co.* dispels defendant's argument. The appellate court there noted under similar circumstances that an owner cannot rely on issuance of a final certificate of satisfaction as a condition precedent to the release of re-tained funds where it has itself been in breach of contract. The court recognized that a contrary interpretation would allow the unacceptable result that an owner could withhold the certificate, and thus the payment, regardless of any breach. The extras and retained funds were due plain-tiff, and an award of interest for the period these liquidated sums were withheld was proper.

Defendant's final contention is that plaintiff should not have received interest from December 1977 to December 1979 as it had not completed its work by December 1977. Defendant points to plaintiff's opening state-ment in which it referred to unfinished work; however, this statement was made by plaintiff in terms of what it expected defendant would attempt to show was uncompleted work justifying a set-off. Plaintiff's general superintendent did testify at trial, however, that all construction was not completed until sometime after July 1978. Plaintiff notes evidence the roadway was opened for traffic in December 1977 and that the construc-tion contract was substantially performed then. Even assuming the contract was substantially performed at that time, however, this does not mean the extras were also, and defendant maintains that plaintiff was still submitting pay estimates for extras for village approval as late as February 1979.

In cases where there are a number of dates from which interest could be said to have accrued, this court has sought to find the most equitable date. (*Rite-Way Plumbing & Heating, Inc. v. Wil-Freds, Inc.* (1978), 63 Ill. App. 3d 643, 649, 380 N.E.2d 992, 996.) The important date (where as here defendant has not specified an alternate date) is when the money actually became due without regard to whether or when plaintiff made a demand for payment. (*Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 332, 389

N.E.2d 226, 231.) Again, we note that the report of proceedings of the December 19, 1979, hearing on prejudgment interest was not included in the record; in such circumstances a reviewing court will indulge in all reasonable presumptions based on the record before it in favor of the trial court's order. (See *Brokerage Resources, Inc. v. Jordan* (1980), 80 Ill. App. 3d 605, 400 N.E.2d 77; *Cloud v. Public Service Stores* (1962), 36 Ill. App. 2d 13, 182 N.E.2d 705 (abstract).) While plaintiff's superintendent testified in trial that the job was not completed until sometime after July 1978, it is reasonable to assume the trial court considered the matter inconsequential when it awarded interest. This court has no way of knowing whether the work completed after December 1977 was used by the trial judge in computing interest. It is reasonable to believe the court awarded interest from December 1977 only on that portion of the work completed by that date.

For these reasons the judgment of the circuit court of Kane County will be affirmed.

Affirmed.

SEIDENFELD, P. J., concurs.

Mr. JUSTICE LINDBERG, specially concurring:

I specially concur in the affirmance of our earlier decision upon the granting of the defendant's motion for rehearing. Upon reconsideration of our holding that the judgments on the December 7, 1979, directed verdicts were not properly preserved, I now conclude that they were preserved and should have been disposed of on their merits in our opinion. However, in my original consideration of those issues I concluded, and remain convinced, that the judgments on the directed verdicts should be affirmed on their merits.

While appeal of the judgment on the jury verdict was clearly waived for the reason set forth in the opinion, I now believe the judgments on the directed verdicts were preserved under the supreme court's instructive decision in *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 394 N.E.2d 380, also relied upon in the majority opinion.

I think we should be guided in the instant cause by the holdings of the court in *Burtell* that the appeal from a subsequent final judgment draws in question all prior nonfinal orders and rulings which produced the judgment; the notice of appeal serves the purpose of informing the prevailing party in the trial court that the unsuccessful litigant seeks review by a higher court; briefs, and not the notice of appeal itself, specify the precise points to be relied upon for reversal; a notice of appeal will confer jurisdiction on an appellate court if the notice, when considered

as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal; and, unless the appellee is prejudiced thereby the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only and not of substance the appellate court is not deprived of jurisdiction. *Burtell*, at 433-34.

I respect the conclusion that the issue of the plaintiff's entitlement to prejudgment interest is only indirectly dependent upon the earlier judgments and the failure to include those judgments in the second, valid notice of appeal was of substance and not merely a form. However, I think we should read *Burtell* more broadly, particularly under a procedural fact situation where only through punctilious judicial research prior to oral argument was the questionable appellate jurisdiction discovered by this court. The appellee proceeded to the day of argument without awareness of this potential defect and therefore was not misled and, in fact, provided the court with a complete and vigorous argument on the merits of each of the issues embraced by both notices of appeal. I do not see how the prejudgment interest was any less substantive in its relationship to the earlier judgment than was the issue of the accounting as to its underlying judgments in *Burtell*.

Nevertheless, having considered the merits of the defendant's arguments attacking the December 7 directed verdict I would affirm the judgment of the trial court on those issues. Therefore, I specially concur in the original opinion of the court upon the granting of the petition for rehearing.