MORTON BUILDINGS, INC., Plaintiff-Appellant, *v.* JAMES A. WITVOET, Defendant-Appellee.

Third District No. 78-283

Opinion filed April 5, 1979.

Betsy Pendleton Wong, of Phillips, Phebus, Tummelson & Bryan, of Urbana, for appellant.

James A. Witvoet, of St. Anne, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The plaintiff-appellant, Morton Buildings, Inc., sold a building to the defendant-appellee, James A. Witvoet, to be constructed upon the defendant's land. A dispute arose when the building construction was not completed by the plaintiff and the work done by the plaintiff was, by defendant's allegation, performed in an inferior manner. The plaintiff initially filed suit for the money due on the sale and erection of the building for the defendant. This was met with defendant's countercomplaint alleging that plaintiff failed to properly construct the building or complete it. Following a jury trial in September 1977, verdicts were rendered in favor of the defendant, James A. Witvoet, on both the complaint and countercomplaint. The trial court entered a judgment in favor of defendant on the complaint and continued the case generally for entry of judgment on the jury verdict on the countercomplaint, with leave granted to both parties to submit authority on the law to the court by a date certain several weeks later. Five months later the trial court in a lengthy memorandum and subsequent order dismissed the defendant's countercomplaint with prejudice despite the jury verdict which the court considered was only advisory because the defendant's theory on his

countercomplaint was the equitable doctrine of rescission. Within 30 days after the entry of the preceding order dismissing the defendant's countercomplaint, the plaintiff filed its only post-trial motion. The trial court ruled that plaintiff's post-trial motion was not timely filed within 30 days of the entry of the judgment for the defendant on the initial complaint. The trial court further declined to rule or enter a conditional ruling on plaintiff's post-trial motion.

On appeal the sole issue presented is whether the plaintiff's post-trial motion was timely filed. We believe the post-trial motion was timely and the failure of the trial court to either rule absolutely or conditionally on that motion necessitates not only a reversal but a remand exclusively for that purpose.

Our reasons for reaching this decision are based upon our inter-pretation of the language of the applicable statutes. Section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(3)) provides authority for the proposition that post-trial motions in jury cases such as the present one must be filed within 30 days of the entry of judgment to be timely. Every final judgment of the circuit court in a civil case is appealable as a matter of right. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) What is a final order in a situation involving multiple parties or multiple issues in a case is resolved by the language of Supreme Court Rule 304(a), which provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).)

In our view this statute clearly applies to the present appeal where the entry of the judgment, following the jury verdict in favor of the defendant only on the complaint was made and did not dispose of the entire proceeding. The trial court did not dispose of the counterclaim of the defendant or make a special written finding required by Supreme Court Rule 304(a) that there was no just reason for delaying enforcement or appeal of the portion of the proceeding for which a judgment was

entered. It appears Supreme Court Rule 304 is applicable and the September 1977 judgment in favor of defendant only partially concluded the litigation between the parties. It was not a final appealable order pursuant to section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(3)). Any attempt by the plaintiff to file a post-trial motion and ultimately a notice of appeal at that time from that adverse judgment would surely have not been successful. The plaintiff quite properly waited until the entire dispute between the parties was finally resolved by the trial court's order of February 23, 1978, dismissing defendant's counter-complaint before seeking to have the court review its decisions by the method of a single timely post-trial motion. We believe our view in this regard is further supported by section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(2)), which provides in substance that all post-trial relief in jury cases must be sought in a single post-trial motion. This statute clearly prevented the plaintiff from filing multiple post-trial motions in a piecemeal fashion as suggested by the defendant.

■■ We hold that the Civil Practice Act, section 68.1(3) (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(3)) can be read harmoniously and logically with Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) to provide just results in cases involving multiple claims for relief. In *Highway Industries, Inc. v. Trailer Leasing Co.* (1st Dist. 1977), 48 Ill. App. 3d 235, 363 N.E.2d 60, and *Bell v. Home Federal Savings & Loan Association* (2d Dist. 1976), 38 Ill. App. 3d 652, 348 N.E.2d 527, the courts dealt with appeals in multiple claim cases similar to the case at bar and applied Supreme Court Rule 304(a) to determine the finality of orders for appeal purposes. We believe those cases are controlling of the issue presented in this appeal.

■ Our result is based upon a logical reading of section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(3)), consistent with Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)). While Supreme Court Rule 304(a) sets out the qualifications for a final appealable order in multiple claim cases it is equally reasonable that the 30-day time period for filing post-trial motions should not begin to run until the entire controversy has been disposed of by a final appealable order. Accordingly we conclude the trial court erred in refusing to rule upon the plaintiff's post-trial motion which we determine was timely filed. For the reasons stated the judgment of the Circuit Court of Kankakee County is reversed and remanded for consideration consistent with the view expressed herein. Costs requested by appellee denied.

Reversed and remanded.

ALLOY and STENGEL, JJ., concur.