ALEXANDER F. BISSETT *et al.*, Plaintiffs-Appellants, *v.* THOMAS W. GOOCH *et al.*, Defendants-Appellees.

Second District   No. 79-292

Opinion filed August 29, 1980.

E. William Maloney, Jr., and John P. Kearney, both of Kearney & Phelan, Ltd., of Chicago, for appellants.

Thomas L. Ruth, Jr., of Barrington, for appellees.

Mr. JUSTICE NASH  delivered the opinion of the court:
Plaintiffs, Alexander F. Bissett and Gayle K. Bissett, appeal from

judgments of the trial court directing verdicts in favor of defendants, Thomas W. Gooch, Eloise L. Gooch and the Wheeling Trust and Savings Bank, as trustee, and also denying plaintiffs' prayer for specific performance.

This action was brought by plaintiffs seeking specific performance and damages for breach of contract against both Thomas Gooch and his mother Eloise Gooch and also damages allegedly caused by his fraudulent representations against Thomas Gooch alone. The bank was joined as legal title holder of the premises, which are the subject of the dispute between the parties. At the close of all the evidence the trial court directed verdicts in favor of defendants Eloise Gooch and the trustee bank on all counts of the complaint and in favor of Thomas Gooch as to the count for fraud, and it also denied specific performance. The issues as they relate to breach of contract by defendant Thomas Gooch were then submitted to the jury which found in favor of plaintiffs and fixed their damages at $61,300.

The trial court subsequently granted Thomas Gooch a new trial of the breach of contract issues because of error in the instructions to the jury. Plaintiffs thereafter sought leave to appeal to this court from that order, and it was denied. Plaintiffs now seek to appeal solely from the judgments denying specific performance against all three defendants and the recovery of damages for fraud against defendant Thomas Gooch.

We consider first defendants' motion to dismiss this appeal for failure of plaintiffs to file a timely notice of appeal. The chronology of events relevant to this issue are as follows:

> *December 7 and 8, 1978*—The trial court directed verdicts in favor of defendants at the close of all the evidence as to the fraud counts of the complaint, denied specific performance and entered judgments to that effect. The remaining issue of damages for breach of contract was submitted to the jury.

> *December 13, 1978*—Judgment was entered in favor of plaintiffs on the verdict of the jury against defendant Thomas Gooch for breach of contract.

> *December 19, 1978*—Thomas Gooch filed a post-trial motion for a new trial as to the breach of contract judgment entered against him and on,

> *January 25, 1979*—Thomas Gooch's motion for a new trial was granted and in its order doing so the trial court found there was no just reason for delaying enforcement or appeal of its orders vacating the judgment in favor of plaintiff for breach of contract and the judgments earlier entered in favor of defendant under the fraud and specific performance counts. See Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).

*February 20, 1979*—Plaintiffs filed a petition for reconsideration and modification of the order entered January 25, 1979, which had granted defendants a new trial of the breach of contract issue, and requested that the court "modify the order of January 25, 1979, granting a new trial on all issues presented at the original trial."

*April 26, 1979*—The trial court entered an order granting plaintiffs' February 20, 1979, petition.

*May 8, 1979*—On defendants' petition to clarify or vacate the April 26 order the trial court entered a further order that (1) "* * * plaintiffs' petition for a new trial on the directed verdicts on the fraud count and specific performance count be and the same is hereby denied"; (2) "* * * that plaintiff has leave to appeal all issues in this case, regarding fraud and specific performance" and, (3) "there is no just cause or reason to delay the enforcement or appeal of this order."

*June 6, 1979*—Plaintiffs filed their notice of appeal from the judgments entered December 7 and 8, 1978, in favor of defendants on the fraud count and which denied specific performance to plaintiffs.

Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) requires that a notice of appeal be filed within 30 days of the entry of the final judgment from which an appeal is sought to be taken or, if a timely post-motion is filed, within 30 days after the order disposing of the motion. (See also Ill. Rev. Stat. 1977, ch. 110, pars. 68.1(3) and 68.3(1).) Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) defines what are final judgments in cases such as this where there are multiple parties or claims for relief, as follows:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).

■■ Here judgments were entered on the fraud and specific performance counts of the complaint on December 7 and 8, 1978, leaving the breach of

contract issue to be resolved by the jury. As the trial court did not make the finding that there was no just reason to delay enforcement or appeal of those issues they were not yet final and appealable orders. On December 13, 1978, however, the remaining contract issue was resolved by judgment, and the 30-day period within which a notice of appeal must be filed commenced to run. It was interrupted, however, by the motion for a new trial by defendant Thomas Gooch directed to the breach-of-contract count which had the effect of extending the time for filing a notice of appeal and continuing the jurisdiction of the trial court over the case for 30 days after the entry of the order of January 25, 1979, disposing of that motion. (*City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 43, 316 N.E.2d 653, 656.) It has been held that a trial court retains jurisdiction over an entire case even when the grant of a new trial involves only one of several parties or claims involved in it, but that such result can be avoided if the trial judge makes a finding there is no just reason for delaying enforcement or appeal pursuant to Supreme Court Rule 304(a) (*Petersen Bros. Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416); the trial judge did make that finding in the present case as to the fraud and specific performance issues in its order of January 25.

On February 20, however, plaintiffs filed a timely post-trial motion directed to the order of January 25, 1979. (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(3)), in which they sought a new trial of all issues in the case rather than a trial limited only to the contract matters. The trial court initially agreed, and by its April 5 order granted plaintiffs' motion. It entered a modified order on May 8, however, in which it denied plaintiffs a new trial of the fraud and specific performance counts and again found "there was no just cause or reason to delay enforcement or appeal of this order." Plaintiffs perfected their appeal of those issues by filing notice thereof on June 6, 1979.

The failure to file a timely post-trial motion deprives a trial court of jurisdiction to entertain it just as failure to file a timely notice of appeal deprives the appellate court of jurisdiction to consider the appeal. (*Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 724, 369 N.E.2d 1346, 1349.) We conclude in this case, however, that by virtue of the series of post-trial motions by the parties and the orders entered on them that the judgments relating to the fraud and specific performance counts were not final or appealable until May 8, 1979, and this appeal was taken in apt time thereafter. See *Morton Buildings, Inc. v. Witvoet* (1979), 70 Ill. App. 3d 55, 388 N.E.2d 258; cf. *Jurgens v. Eads* (1978), 67 Ill. App. 3d 52, 383 N.E.2d 1003; *Stotlar v. Stotlar* (1977), 50 Ill. App. 3d 790, 794, 365 N.E.2d 1097, 1100.

We then reach the merits of this appeal and consider whether the trial court erred in directing verdicts in favor of defendants which denied

recovery of damages for fraud against Thomas Gooch and specific performance of the construction contract against all three defendants.

Plaintiffs and defendant Thomas Gooch entered into a written contract on May 9, 1977, under which plaintiffs agreed to purchase a two-acre tract of land upon which a single-family residence was to be constructed by Gooch for the total price of $128,700. The owner of the land was described in the contract as being Land Trust No. 74-192 at Wheeling Bank & Trust Company, and Gooch was there described as the sole beneficiary of the trust. In addition, Gooch specifically warranted in the contract that he was the sole beneficiary with power of direction over the trustee which held title to the property. The contract provided that construction was to be completed and closing and possession of the premises by plaintiffs was to occur not later than September 1, 1977. A penalty clause required the seller to pay purchasers at the rate of $1,000 per month for each day possession was delayed past September 1, 1977.

Construction commenced, and plaintiffs approved siting of the building upon the lot and selected flooring, lighting, siding and other optional materials as provided in the agreement. Plaintiffs also obtained a commitment for a mortgage from the Continental Bank. Eloise Gooch, who it subsequently developed was also a beneficiary of the trust with power of direction together with her son, Thomas Gooch, executed letters of direction to the trustee with him for the purpose of creating a construction loan to build the residence for plaintiffs. She was president of the real estate firm known as Eloise L. Gooch Associates, Inc., of which Thomas Gooch was vice president.

Construction proceeded slowly, and in September 1977 the residence was only about 50-percent completed (at the time of trial in December 1979 it was still not entirely done). Plaintiffs commenced this action in April 1978 and contend first on appeal that the trial court erred in directing the verdict in favor of Thomas Gooch as to the count of the complaint in which plaintiffs sought damages based upon his fraudulent misrepresentations. Plaintiffs point out that the real estate contract entered into between them and this defendant, which he executed, specifically described him as the sole beneficiary of the land trust which owned the land and that he additionally warranted that he was the sole beneficiary with power of direction over the trustee bank which held legal title. These representations by Thomas Gooch were shown by the evidence to be false as his mother Eloise Gooch, who did not execute the contract, was a joint beneficiary with equal power of direction over the trust as had Thomas Gooch. Plaintiffs conclude that because of these false representations they are entitled to recover their actual damages and for the assessment of punitive damages against Thomas Gooch. As proof of their actual damages plaintiffs presented evidence that the value of the

property on September 1, 1977, if improved by the completion of the residence in accordance with the agreement, would be $190,000. They also offered evidence that the cost of completing the construction as of September 1, 1977, would be $60,000 and conclude they are "entitled to the benefit of their bargain with defendants," citing *Haldeman v. Schuh* (1903), 109 Ill. App. 259. Plaintiffs also suggest further damages based upon the time and money expended by them in procuring their mortgage commitment and for $1,000 paid to Thomas Gooch as earnest money.

■■ This court has recently described the elements which must be established for misrepresentation to be the basis of an action for fraud in these terms: (1) that the statement made was of material fact, as opposed to opinion; (2) that it was untrue; (3) that the party making the statement knew or believed it to be untrue; (4) that the person to whom the statement is made believed and relied on it and had a right to do so; (5) that it was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to his injury. *Allensworth v. Ben Franklin Savings & Loan Association* (1979), 71 Ill. App. 3d 1041, 389 N.E.2d 684; see also *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393; and *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 213 N.E.2d 89.

Count III of the complaint, in which recovery for fraud was sought against Thomas Gooch, alleged essentially that plaintiffs and this defendant entered into the real estate contract whereby Gooch agreed to convey the property and construct the described residence on it for $128,700; that Gooch falsely and fraudulently represented himself to be the sole beneficiary with power of direction over the land trust which held title to the property knowing that was untrue; and, it concluded, that his false and fraudulent conduct damaged plaintiffs in the amount of $125,000. By reference to other counts of the complaint plaintiffs also alleged that they have been ready and able since September 1, 1977, to perform their part and that defendant, Thomas Gooch, has refused to either complete the partially constructed residence or to convey the property as set out in the contract.

■■ ■ Plaintiffs quite correctly contend that the representation of ownership of the property made by Thomas Gooch was untrue; that it was a material fact which Gooch knew or should have known was untrue, and that plaintiffs relied upon it, but, as the trial court found, it was not plaintiffs' reliance upon the untrue statement of ownership which led to their damages. (*Younger v. Revelle* (1979), 78 Ill. App. 3d 1, 397 N.E.2d 221.) Certainly, if evidence had been presented that this defendant failed or refused to carry out the contract because he could not deliver merchantable title as required by it, a different question would be presented. Here, however, there is no evidence that Thomas Gooch could

not carry out the construction terms of the contract or that he and Eloise Gooch could not deliver clear title to it if requested by plaintiffs. But, instead, the evidence is that he failed to do so after apparently making an economic decision that he had agreed to sell at too low a price and decided he would not carry out the contract. It must be noted in this context that "it is not essential to the validity of a contract for sale of real estate that the grantor should have the title at the time the contract is made." (*Lampinen v. Hicks* (1979), 73 Ill. App. 3d 376, 378, 391 N.E.2d 1105, 1106.) *Mother Earth*, relied upon by plaintiffs, does under somewhat analogous circumstances determine that a misrepresentation as to ownership of equipment and furnishings, which were to be transferred under a purchase agreement, was a material fact upon which an action for fraud could be based. It noted, however, that the representation was there made to induce action by a party and that it did lead to his injury. In the present case the record is silent in this regard, and it may not be determined from this record that Thomas Gooch could not furnish merchantable title as he agreed to do in the event plaintiff had sought to close this transaction with him. As plaintiffs failed to establish that the false representation made by this defendant was either fraudulent or led to plaintiffs' damage, the trial court correctly directed the verdict in favor of defendant as to that count of the complaint.

Plaintiffs also seek reversal of the order of the trial court denying specific performance. It determined this equitable remedy was precluded by reason of the incomplete construction of the residence. In their complaint plaintiffs sought an order that the uncompleted premises be conveyed to them and that there be set off against the purchase price of $128,700 the costs of completion and other expenses, including $700 per month rentals from September 1, 1977, $1,000 per month as liquidated damages until construction is completed, furniture storage fees and the total of increased mortgage interest costs over the 29 year life of their mortgage. The evidence disclosed that the residence was about 50 percent completed on September 1, 1977, which was the date fixed in the contract, and that it had still not been finished at the time of trial. While in their brief plaintiffs assert that defendant Thomas Gooch has since completed the residence, it cannot be determined from this record whether that was done in accordance with the specifications of the agreement between the parties or in some other manner.

█ The remedy of specific performance is not a matter of absolute right but is within the discretion of the court. (*Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 384 N.E.2d 512.) Where a contract for the sale of real estate has been entered into without misrepresentation, unfairness or superior advantage, specific performance will be granted to either the buyer or the seller. (*Hunter v. DeMay* (1970), 124 Ill. App. 2d 429, 259 N.E.2d 291.)

Illinois courts have generally held, however, that executory contracts for building and construction will not be specifically enforced as the parties have an adequate remedy at law in an action for damages and, also, because of the incapacity of a court to supervise performance of such a contract over a period of time while it is being carried out. *Yonan v. Oak Park Federal Savings & Loan Association* (1975), 27 Ill. App. 3d 967, 326 N.E.2d 773; 13 Am. Jur. 2d *Building Contracts* §112, at 105 (1964); 71 Am. Jur. 2d *Specific Performance* §90, at 123 (1973).

Plaintiffs rely upon *Yonan* as authority for their contention they are entitled to specific performance of that part of the contract calling for conveyance of the real estate upon which the house is located and to the accompanying award of compensatory damages for the unperformed balance of the contract as it relates to construction of the residence. (See also 5A Corbin on Contracts §1160, at 185 (1964).) In *Yonan* the parties to the contract had agreed that plaintiffs would exchange certain real estate improved with a building for a vacant parcel of land owned by defendant. It was further agreed that defendant would construct a store building on the land it was to convey to plaintiffs in accordance with the specifications in their contract. The court held that specific performance was an available remedy as to that part of the contract calling for exchange of the parcels of real estate but was not available as to the remainder of the contract which provided for the construction of the building. (*Yonan*, 27 Ill. App. 3d 967, 975, 326 N.E.2d 773, 780.) It also found that the plaintiff was entitled to recover damages for that portion of the contract providing for construction of a building for which specific performance would not lie. (*Bear v. Fletcher* (1911), 252 Ill. 206, 96 N.E. 997.) The court determined the proper measure of damages where there was a failure to commence agreed upon construction was the difference between the cost of the construction under the contract and the fair market cost of erecting such a building; as the present cost to construct the agreed upon building in *Yonan* was determined to be $147,800, plaintiff was awarded that sum.

While there are apparent similarities between *Yonan* and the present case, there are also substantial differences. Here construction had commenced and on September 1, 1977, the tentative completion date agreed upon, it was said to be 50 percent completed according to defendant's testimony and would cost $60,000 to complete according to plaintiffs' witness. The record also discloses that the defendant continued with construction after September 1, but it suggests he did so using specifications other than those of his contract with plaintiffs. Plaintiffs' brief tells us that a residence has since been completed on the real estate, but the record does not say in what form.

We find absent in this case the clear circumstances of *Yonan* in which

to apply its rule. To direct conveyance of the land and remand for a determination of damages, as plaintiffs urge, would necessarily also require conveyance to plaintiffs of the residence now situated on the land. It may well be of more costly or of substantially different construction in its completed form than that agreed upon in the contract, and plaintiffs are not entitled to the recovery of both the property as constructed and damages for the cost of its construction under the terms of the agreement.

We conclude plaintiffs have an adequate remedy at law for recovery of their damages for breach of contract and that the trial court correctly denied specific performance and directed the verdict as to the fraud action.

Judgment affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.