GENEVA EILEEN MAU, Indiv. and as Adm'r of the Estate of William Robert Mau, Sr., Deceased, Plaintiff-Appellant, v. UNARCO INDUSTRIES, INC., *et al.*, Defendants (North American Asbestos Corporation, Defendant Appellee).—JERRY SAMPSON, Adm'r of the Estate of Ray Sampson, Deceased, Plaintiff-Appellant, v. NORTH AMERICAN ASBESTOS CORPORATION *et al.*, Defendants-Appellees (Unarco Industries, Inc., *et al.*, Defendants).

Fourth District   Nos. 4—82—0157, 4—84—0511 cons.

Opinion filed April 24, 1985.—Supplemental opinion filed on denial of rehearing August 26, 1985.

GREEN, P.J., dissenting.

James Walker, Ltd., of Bloomington, for appellants.

Heyl, Royster, Voelker & Allen, of Springfield (Frederick P. Velde and Ray E. Alexander, of counsel), for appellee North American Asbestos Corporation.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Robert L. Martier, and Joanna C. New, of counsel), for appellee Owens-Corning Fiberglas Corporation.

JUSTICE TRAPP delivered the opinion of the court:

These consolidated appeals raise a legal issue which this court previously addressed in *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011. We reaffirm our holding in *Handley* and reverse the summary judgment entered for the defendants in cause No. 4—82—0157 (the Mau appeal). In cause No. 4—84—0511 (the Sampson appeal), we do not reach the merits, but dismiss the appeal for lack of appellate jurisdiction.

In December 1978, Delora Stewart filed two actions in the circuit court of McLean County, cause Nos. 78—L—201 and 78—L—202, for injuries allegedly produced by exposure to asbestos. Named as defendants in these actions (the Stewart actions) were several suppliers and processors of asbestos, including the defendants in the instant appeals, and Cape Industries Limited, Cape Asbestos Fibers Limited, and Egnep (Pty) Limited. Delora Stewart filed both suits in her individual capacity and on behalf of all others similarly situated.

On June 19, 1979, an order of default was entered in the Stewart actions against Cape Industries Limited, Egnep (Pty) Limited, and Cape Asbestos Fibers Limited (the Cape group). Shortly thereafter, on June 27, 1979, the defendants in the instant appeals were voluntarily dismissed from the Stewart actions without prejudice. The cause proceeded to a trial on damages as to the defaulting parties in January 1982. Mau and Sampson, plaintiffs in the instant appeals, both entered their appearances and participated in the prove-up of damages. Each was awarded substantial compensatory damages and punitive damages in the Stewart action.

Geneva Mau filed a separate action against the defendants and others in No. 79—L—107 on May 29, 1979. Ray Sampson filed his own action against the defendants and others in No. 80—L—36 on February 20, 1980. Following the entry of final judgment in the Stewart actions, the defendants in the instant appeals moved for summary judgment in the separate actions brought by Mau and by Sampson. In both cases, the trial court granted judgment for the defendant on the theory that the plaintiffs had abandoned any claims against the other alleged joint tortfeasors when they chose to take judgment against the defaulting parties in Nos. 78—L—201 and 78—L—202. Subsequent motions to vacate the summary judgments were denied in each case.

The background of the present appeals is essentially identical to that which was before this court in *Handley*. The plaintiffs in *Handley*, as the plaintiffs in the instant appeals, were not named plaintiffs nor certified class members in the Stewart actions, but they participated in the trial on damages in the Stewart suit. The plaintiffs

in *Handley*, as those in the present appeals, were awarded compensatory and punitive damages against the defaulting parties in Nos. 78—L—201 and 78—L—202. Moreover, the summary judgments challenged in *Handley* and those challenged here in the Sampson appeal were effected by a single written order, which indicated that the rationale supporting the judgments in the Handley, Sampson, and Mau cases was the same. In each case, Judge Knecht determined that the taking of a judgment against a joint tortfeasor in a case where several are sued operates to discontinue the suit against all other defendants and bar further action against them.

██ In No. 4—82—0157, the Mau appeal, our opinion in *Handley* plainly controls. We disagree with the trial court's determination that taking a judgment against the Cape group in Nos. 78—L—201 and 78—L—202 amounted to a dismissal of the case against the defendants. The *dicta* in *Davis v. Taylor* (1866), 41 Ill. 405, which would appear to support the trial court's determination, is no longer viable, since the "unit judgment rule," which was the foundation for these statements in *Davis*, has long since been overruled. (See *Chmielewski v. Marich* (1954), 2 Ill. 2d 568, 119 N.E.2d 247.) Our precise holding here, however, is that the principle suggested by the *Davis dicta* does not apply, since the defendants did not remain in the Stewart suits after judgment was taken against the Cape group; therefore, the defendants were not residue defendants in favor of whom implied dismissal could operate. The trial court erred in entering the summary judgments against Mau. We reverse and remand the judgment in No. 4—82—0157.

██ In No. 4—84—0511, we are unable to reach the merits, due to a jurisdictional defect in the appeal. Both *Handley* and the Mau appeal were received by this court pursuant to special findings of appealability made by the trial judge in accordance with Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). No such finding was entered in the Sampson appeal. Summary judgment was entered for the defendants in this cause on May 18, 1982. This judgment did not conclude the litigation as to all parties and claims, however. Raybestos-Manhattan, Inc., one of the defendants named in the Sampson suit, was not dismissed from the action until May 4, 1983. Damages against the Cape group were not reduced to judgment until March 14, 1984. On April 13, 1984, Sampson filed a motion to vacate the summary judgment. The trial court denied this motion on June 22, 1984. On July 17, 1984, Sampson filed his notice of appeal.

We have previously noted that the trial court made no special finding of appealability under Supreme Court Rule 304(a) relating to

the summary judgments. Appealability of the judgments hinges, therefore, upon compliance with Supreme Court Rule 303, which governs the appeals of final judgments which dispose of an entire proceeding. Rule 303(a)(1) provides that a notice of appeal generally must be filed within 30 days after entry of the final judgment appealed from, but, if a timely post-trial motion directed against the judgment is filed, commencement of the 30-day filing period is stayed until the order disposing of such a motion is entered. 87 Ill. 2d R. 303(a)(1).

It is clear that Sampson did not file a notice of appeal within 30 days after entry of the judgment appealed from. The judgment disposing of the last party and claim in the case was entered on March 14, 1984; however, the notice of appeal was not filed until July 17, 1984. Moreover, the motion to vacate the summary judgments filed on April 13, 1984, cannot be construed as a timely post-trial motion, hence Sampson may not avail himself of the stay provision described by Rule 303(a)(1). In order to take advantage of the stay provision of the rule, it would have been necessary for Sampson to file the motion to vacate summary judgment within 30 days after the entry of the judgments challenged by the motion. (*Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560, 411 N.E.2d 1135.) This was not done.

The filing of a timely notice of appeal is mandatory and jurisdictional. (*Bean v. Norfolk & Western Ry. Co.* (1980), 84 Ill. App. 3d 395, 405 N.E.2d 418; *Danaher v. Knightsbridge Co.* (1978), 56 Ill. App. 3d 977, 372 N.E.2d 862.) Absent a timely notice of appeal in the cause, this court is without jurisdiction; therefore, we are required to dismiss the appeal in No. 4—84—0511.

The judgments in No. 4—82—0157 are reversed and remanded. The appeal in No. 4—84—0511 is dismissed.

GREEN, P.J., and MILLS, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE TRAPP delivered the opinion of the court:

This court heard oral argument and reviewed supplemental briefs upon the question of whether the notice of appeal in the Sampson case was timely filed. That issue involves the relationship and interaction of Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), and section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(e)).

The Code, in pertinent part, provides:

"The court may in its discretion, before final order or judg-

ment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

Supreme Court Rule 304(a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time *before the entry* of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Emphasis added.)

While there is judicial and professional jargon or language to the contrary, the Supreme Court Rule contains no language either denoting or connoting that there be a single final order encompassing all claims and all parties. Rather, there is the use of the indefinite article in the phrase "the entry of a judgment adjudicating all the claims *** ."

■ The case law has held that the effect of Rule 304(a) is to continue the jurisdiction of the trial court as to all elements of the proceeding until an adjudication of all claims of all parties unless there is the specific finding provided in the rule. *Castro v. Chicago, Rock Island & Pacific R.R. Co.* (1980), 83 Ill. 2d 358, 415 N.E.2d 365; *Hazel v. Hayes* (1973), 14 Ill. App. 3d 292, 302 N.E.2d 458; *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 409 N.E.2d 447.

The Code and the Rule must operate upon this chronology:

| | |
|---|---|
| February 20, 1980 | - Sampson suit filed. |
| May 18, 1982 | - Summary judgment for defendants (appellees). |
| March 14, 1984 | - Judgment in favor of plaintiff against certain defaulted parties. |
| April 13, 1984 | - Plaintiff's motion to vacate summary judgment of May 18, 1982. |
| June 22, 1984 | - Plaintiff's motion to vacate denied. |

July 17, 1984          Notice of appeal.

Plaintiff agrees that the last adjudication of a pending claim against a party was disposed of by the judgment of March 14, 1984. Explicit in Rule 304(a) is that in proceedings with multiple parties or multiple claims, or both, there are certain judgments which are effectively final as to both the claims and liabilities of some parties. However, in the language of the Rule, such judgments are neither enforceable nor appealable.

■ The post-trial motion here was not directed to the last component judgment dated March 14, 1984, which completed the adjudication of all claims of all parties subject to the jurisdiction retained for 30 days within the terms of section 2—1301(e) of the Code. (See *Bissett v. Gooch* (1980), 87 Ill. App. 3d 1132, 409 N.E.2d 515.) Thus, the issue is whether after the entry of judgment of March 14, 1984, which adjudicated the last outstanding claim of the plaintiff, plaintiff may file a post-trial motion to vacate the summary judgment of May 18, 1982, upon the hypothesis that the judgment of March 14, 1984, is the only "final judgment" for purposes of section 2—1301(e) of the Code.

Upon consideration of the language of Rule 304(a), which expressly states that the claims and liabilities are subject to review "at any time *before* the entry of judgment adjudicating all claims \*\*\*," we conclude that it does not. (Emphasis added.)

Plaintiff has identified *Morton Buildings, Inc. v. Witvoet* (1979), 70 Ill. App. 3d 55, 388 N.E.2d 258, as holding to the contrary. That case had but two parties involving a claim of plaintiff and a counterclaim of defendant. There were jury verdicts for defendant as to each claim. Judgment for defendant was entered on the complaint only, but five months later the trial court dismissed defendant's pending counterclaim with prejudice. Plaintiff then filed a post-trial motion. The reviewing court expressed the view that the post-trial motion was timely filed under Rule 304(a) with the view that the dismissal of the counterclaim was the "final appealable order." There was no consideration of the language "before the entry of a judgment." The court supported that view by consideration of the requirement of the Civil Practice Act requiring a single post-trial motion in jury cases.

Plaintiff also cites *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416, as supporting his views. We believe that opinion to be distinguishable, in that a timely post-trial motion was always pending to some component judgment of the proceedings, and we note that the appeal there was actually dismissed since there had been no adjudication as to all claims and all parties.

In sum, we agree that the last component judgment entered on March 14, 1984, is properly subject to the procedural 30-day, post-trial motion directed to that judgment, but we do not believe it to be the contemplation of the Rule that judgments as to other claims and other parties, long final in substance as to those claims and parties, but hitherto unenforceable and unappealable, may be opened up to a post-trial motion upon the entry of the judgment of March 14, 1984, which adjudicated unrelated claims of unrelated parties. In theory, at least, plaintiff's interpretation of the Rule would defy all finality. The stated objective of avoiding piecemeal appeals does not require an interpretation of Rule 304(a) that permits multiple-party, multiple-claim litigation to be returned to its earliest status upon entry of the March judgment.

For the foregoing reasons, the petition for rehearing is denied.

MILLS, J., concurs.

PRESIDING JUSTICE GREEN dissenting:

After examining additional authority presented and hearing oral arguments, I am now convinced that we were in error in dismissing plaintiff's appeal from the summary judgment of May 18, 1982, on the basis that the April 13, 1984, post-judgment motion was untimely. I now dissent from the decision to deny rehearing. I would grant rehearing and consider the merits of that appeal.

When the March 14, 1984, judgment disposing of all of the remaining claims in the case was entered, plaintiff, for the first time, had a right to appeal the summary judgment of May 18, 1982. That right was still in existence when the April 13, 1984, motion seeking to set aside the summary judgment was filed. The purpose of a post-judgment motion is to give the trial court an opportunity, before appeal, to correct any errors that might exist in its previous orders as viewed in the light of the then situation. (See *People ex rel. Gustafson v. City of Calumet City* (1968), 101 Ill. App. 2d 8, 241 N.E.2d 512.) Rather than filing a notice of appeal, plaintiff filed such a motion giving that opportunity to the trial court.

A rule that a trial court retains jurisdiction of a case until 30 days after entry of an order appealable because of its finality is widely believed to exist. None of the able counsel in this case raised any question of the timeliness of the April 13, 1984, motion before we raised the issue *sua sponte*. They must have concluded that the trial court had jurisdiction to entertain such a motion if filed within 30 days of the appealable final judgment. I now conclude that their analysis was

correct.

Prior to the adoption of section 50(2) of an amended Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 50(2)), judgments, such as the summary judgment in issue here, which were final as to some but not all of the claims or parties in a case, were appealable as a matter of right. (See Ill. Ann. Stat., ch. 110A, par. 304, Historical & Practice Notes, at 586-87 (Smith-Hurd 1968).) Section 50(2) was in much the same form as present Supreme Court Rule 304(a) and required a finding similar to that of Rule 304(a) in order for final judgment to be appealable unless it was final as to all claims and all parties.

Section 2—1301(e) of the Code of Civil Procedure is an extension of section 50(7) of the Civil Practice Act as it existed prior to the enactment of section 50(2) of the amended Civil Practice Act. Section 50(7) then stated:

> "The court may in its discretion before final judgment, set aside any default, and may within *30 days after entry thereof set aside any judgment or decree* upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable." (Emphasis added.) (Ill. Rev. Stat. 1953, ch. 110, par. 174(7).)

Prior to the enactment of section 50(2) of the Civil Practice Act, section 68(1) of the then Civil Practice Act (Ill. Rev. Stat. 1953, ch. 110, par. 192(1)) contained a provision somewhat similar to section 2—1202 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1202) permitting a party to a jury trial to seek a new trial not later than a prescribed time after entry of judgment on the verdict with the pendency of the motion staying the time for filing notice of appeal.

Thus, the historical background of the provisions of the Code of Civil Procedure concerning post-judgment motions is that they were enacted at a time when most final judgments in civil cases were appealable. Accordingly, the time within which a post-judgment motion could be filed was usually measured from the filing of an appealable order. The operation of these provisions was to permit the losing party to give the court an opportunity to correct any error just before appeal would be taken. There was little need to consider when a post-judgment motion directed against an unappealable final judgment might be filed. Some consideration of that problem was later provided by section 50(2), which contained the same language as that of Rule 304(a), which states that when a judgment final as to some but not all parties and claims is not supplemented by a finding making it appealable, the power of the court to "review" the judgment continues while other issues remain before the court.

The vestige of the early legislative language as it now appears in the Code of Civil Procedure, if interpreted literally, required a motion attacking the instant unappealable summary judgment to have been filed within 30 days of its entry. The vestige of the early legislative language as it now appears in Supreme Court Rule 304(a), if taken literally, permits consideration of a motion attacking the summary judgment only if it was filed, considered, and ruled on before entry of the March 14, 1984, judgment disposing of the remaining claims in the case.

No decision of a court of review has interpreted the interaction of the legislation and Supreme Court Rule as does the majority. The case of *Wool v. La Salle National Bank* (1980), 89 Ill. App. 3d 560, 411 N.E.2d 1135, cited in our original opinion, involved a motion directed against a judgment which was made appealable by a finding pursuant to Rule 304(a). The case is not directly in point. In both *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416, and *Morton Buildings, Inc. v. Witvoet* (1979), 70 Ill. App. 3d 55, 388 N.E.2d 258, the language now in the Code of Civil Procedure, which, if taken literally, would limit the filing of the post-judgment motion to a period of 30 days after the entry of the judgment, was not followed. In *Morton Buildings, Inc.*, the language now in Rule 304(a), which speaks of the period in which the court might revise the unappealable final judgment -as including the time prior to the entry of the judgment disposing of the case, was disregarded.

In *Petersen Brothers Plastics, Inc.*, the court held that a lapse of more than 30 days from the entry of an unappealable judgment, final as to less than all the claims in the case, did not prevent the timely filing of a motion against the judgment where other claims were pending. The provisions of Rule 304(a) were cited. The appellate court ultimately dismissed the appeal, but the holding as to the timeliness of the motion was precedent because the holding bore on one of the grounds which supported the dismissal of the appeal.

In *Morton Buildings, Inc.*, the post-judgment motion attacking an unappealable final judgment disposing of less than all of the claims in the case was filed five months after the entry of the judgment and after, but within 30 days of, the entry of the judgment disposing of the case. A case consisting of a complaint at law and a counterclaim in equity was presented to a jury. The jury's verdicts were for the defendant on both. The court entered an immediate judgment on the verdict on the complaint but waited for five months before rejecting the advisory verdict on the counterclaim and entering judgment on it for the plaintiff. The plaintiff's post-trial motion attacking the judg-

ment on the complaint was then filed shortly. The appellate court held that the motion was timely.

The *Morton Buildings, Inc.*, court noted that the judgment on the complaint contained no Rule 304(a) finding and thus was not appealable until judgment was entered on the counterclaim. The court reasoned that it was not sensible to require filing of a post-trial motion until the judgment became appealable. No mention was made of the provision of Rule 304(a), which speaks of the trial court's power of revision as existing "before the entry of judgment" disposing of the case. As pointed out by the majority, the court did consider the requirement of section 68.1(3) of the then Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.1(3)) for single post-trial motions in jury cases as "further support[ing]" its decision. (*Morton Buildings, Inc. v. Witvoet* (1979), 70 Ill. App. 3d 55, 58, 388 N.E.2d 258, 260.) However, the primary thrust of the decision was the logic of not requiring the post-trial motion to be filed until the judgment on the verdict became appealable.

Many problems arise when the "before the entry of judgment adjudicating all claims" language of Rule 304(a) is taken literally to mean that the entry of the judgment disposing of the case is an absolute bar to revising unappealable final judgments previously entered. Normally, restrictions upon the filing of motions are based on a time frame from a given event. Under the literal interpretation of the Rule, the party who might wish to make the motion would not know what its time limits were because a judgment disposing of the remainder of the case could be entered at any time. If Rule 304(a) is the court's sole source of power to revise the type of judgment involved here, a trial court could enter an unappealable final judgment as to a claim, then, very soon, enter a judgment disposing of the rest of the claims in the case and thereby cut off the right of a party to file a post-judgment motion as to the first judgment.

As I have previously noted, all of the counsel in this case apparently assumed that the time for filing the instant motion extended for 30 days beyond the entry of the judgment disposing of the case as described in Rule 304(a). Under this interpretation, the judgment starting the 30-day period for filing a post-judgment motion, mentioned in the legislation providing for such motions, is an appealable final judgment and not necessarily the judgment attacked. Such a theory is consistent with the general belief that the trial court's power to review its previous judgments extends for 30 days beyond the entry of its order finally disposing of the case. As indicated in *Morton Buildings, Inc.*, the entry of an appealable order is a logical time to trigger the time limit for filing a post-judgment motion. Just prior to appeal is a

good time for a trial court to have its last opportunity to correct possible errors.

The holding in *Morton Buildings, Inc.*, even when applied to this case, does not "defy all finality" as described by the majority. It only extends the time for disposition of a post-judgment motion beyond that under a literal interpretation of Rule 304(a) for a period of 30 days and the time necessary to rule upon the motion. I would adopt the holding of *Morton Buildings, Inc.*, as the only viable rule and apply it to the facts of this case.

Accordingly, I would rule that the April 13, 1984, motion was timely filed and that plaintiff's filing of notice of appeal within 30 days thereafter was timely.