# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*McDonald v. Health Care Service Corp.*, 2012 IL App (2d) 110779

---

| | |
|---|---|
| Appellate Court Caption | MICHELLE EVA McDONALD, Plaintiff-Appellant, v. HEALTH CARE SERVICE CORPORATION, Defendant-Appellee and Third-Party Plaintiff (The Blue Cross and Blue Shield Plan of Illinois, d/b/a Blue Cross and Blue Shield of Illinois, d/b/a Blue Cross and Blue Shield Association, Defendant-Appellee; The Village of Villa Park, Third-Party Defendant). |
| District & No. | Second District<br>Docket No. 2-11-0779 |
| Filed | June 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a multiparty action arising from a dispute over health insurance coverage, plaintiff insured's notice of appeal from a trial court order dealing with fewer than all of the parties and not including language pursuant to Supreme Court Rule 304(a) was timely, even though it was filed more than 30 days after the entry of the order at issue, since the notice was filed within 30 days of the trial court's subsequent order disposing of the remaining claims in the litigation. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09-L-1114; the Hon. Jorge L. Ortiz, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |

Counsel on
Appeal

Michelle Eva McDonald, of Beach Park, appellant *pro se*.

Gregory R. James, Heather R.M. Becker, Antonio Caldarone, and Lawrence Jay Weiner, all of Laner Muchin Dombrow Becker Levin & Tominberg Ltd., for appellee Health Care Service Corporation.

Panel

JUSTICE BURKE delivered the judgment of the court, with opinion.

Justices Bowman and Birkett concurred in the judgment and opinion.

# OPINION

¶ 1    This appeal involves a breach of contract action brought by *pro se* plaintiff, Michelle Eva McDonald, against defendants Health Care Service Corp. (HCSC) and The Blue Cross and Blue Shield Plan of Illinois, d/b/a Blue Cross and Blue Shield of Illinois, d/b/a Blue Cross and Blue Shield Association (BCBS), to recover damages occasioned by the alleged wrongful cancellation of plaintiff's continuing health insurance coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) (29 U.S.C. § 1161 *et seq.* (2006)). HCSC filed against the Village of Villa Park a third-party complaint for indemnification and breach of contract.[1] On May 4, 2011, the trial court granted HCSC's motion for summary judgment against plaintiff. The order did not include Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) language finding no reason for delay of enforcement or appeal. Thereafter, on June 1, 2011, the trial court dismissed the third-party complaint. On June 30, 2011, plaintiff filed a postjudgment motion to vacate the judgment "[e]ntered June 1, 2011." On July 13, 2011, the trial court struck the motion, finding that it had no jurisdiction to address the motion, which was untimely filed. Plaintiff filed a notice of appeal on August 9, 2011.

¶ 2    Plaintiff raises several arguments on appeal. HCSC contends that we lack jurisdiction to consider plaintiff's appeal, in part because the postjudgment motion was untimely filed. We disagree, as it was timely filed within 30 days of the June 1 judgment that disposed of all remaining claims and parties. Because plaintiff filed a timely notice of appeal within 30 days of the order striking the postjudgment motion, we have jurisdiction over the appeal. However, because the trial court erroneously believed that it had no jurisdiction to entertain the postjudgment motion, we must vacate the order and remand the cause for the trial court to rule on the merits of the motion.

---

[1]Villa Park is not a party to this appeal. Additionally, although plaintiff named BCBS as an appellee in the appeal, the trial court granted BCBS's motion to dismiss on November 24, 2011, finding that it was not a party to the contract alleged in plaintiff's breach of contract action.

¶ 3                                    BACKGROUND

¶ 4         Plaintiff is a former employee of Villa Park. HCSC and Villa Park entered into an agreement to provide health care benefits to certain employees of Villa Park. Pursuant to the contract, Villa Park was obligated to furnish data to HCSC regarding those employees who were to be covered under Villa Park's policy and notify HCSC of any change in an employee's status under the policy. In addition, Villa Park was obligated to collect premiums from those persons covered under the policy.

¶ 5         Plaintiff was covered by Villa Park's group benefit health insurance plan. Upon plaintiff's retirement as an employee, she elected to enroll for COBRA continuation coverage. Villa Park, as the COBRA administrator, notified HCSC that plaintiff elected COBRA continuation coverage.

¶ 6         Plaintiff paid the premium and Villa Park enrolled plaintiff in COBRA continuation coverage, effective November 1, 2007. Plaintiff was provided COBRA coverage for the month of November 2007. When plaintiff failed to make a subsequent COBRA payment, Villa Park directed HCSC to cancel plaintiff's COBRA coverage.

¶ 7         Plaintiff filed the present action against HCSC based on a breach of contract theory. She alleged that HCSC breached its fiduciary duty to plaintiff: (1) by the "collection and application of premiums"; (2) by "failing to appropriate funds paid by the Plaintiff for premiums subject to the contract"; and (3) by "displacing [HCSC's] obligations to a third party." HCSC then filed a third-party action against Villa Park, based on Villa Park's contractual duties to HCSC with respect to the administration of COBRA and on its agreement to indemnify and hold harmless HCSC for any loss, damage, expense, or liability that might arise from or in connection with untimely or inaccurate data provided by Villa Park to HCSC.

¶ 8         Thereafter, plaintiff filed a motion for summary judgment against HCSC, and HCSC filed a cross-motion for summary judgment against plaintiff. HCSC also filed a motion for summary judgment against Villa Park. Following argument, the trial court denied plaintiff's motion for summary judgment and granted HCSC's motion against plaintiff on all of her claims, except on the issue of whether HCSC failed to appropriate funds paid by plaintiff for COBRA premiums.

¶ 9         HCSC filed a motion to reconsider, which the trial court granted on May 4, 2011. The trial court found that HCSC had no duty to collect plaintiff's premiums and did not collect plaintiff's premiums. The trial court also granted in part HCSC's summary judgment motion as to its indemnification and breach of contract claims against Villa Park, finding that Villa Park had a duty to indemnify HCSC and that Villa Park breached the contract.

¶ 10        On June 1, 2011, the trial court entered an order dismissing the third-party complaint against Villa Park. In the same order, the court struck the June 6, 2011, trial date, which had been pending on the damages issue.

¶ 11        On June 30, 2011, plaintiff filed a "Post-Judgment Motion to Vacate Judgment Entered June 1, 2011." In large part, the substance of the motion was directed at the order of May 4, 2011. There is no record that HCSC filed a reply or otherwise opposed the motion. On July 13, 2011, the trial court "denied" plaintiff's motion on the basis that it was untimely and

therefore the court had no jurisdiction to consider the motion. Plaintiff filed a notice of appeal on August 9, 2011.

¶ 12                                                    ANALYSIS

¶ 13        Our sole reason for vacating the order and remanding the cause arises from HCSC's renewed motion to dismiss the appeal for lack of jurisdiction, which we previously denied. HCSC argues that we lack jurisdiction because plaintiff's "Post-Judgment Motion to Vacate Judgment Entered June 1, 2001," was untimely filed and did not qualify as a proper postjudgment motion and plaintiff had no standing to contest the judgment entered on June 1. Although the trial court did not specify why plaintiff's postjudgment motion was untimely, we assume that the court reasoned that the motion was not filed within 30 days of the entry of the summary judgment for HCSC on the initial complaint, on May 4, 2011. Furthermore, although the order states that the trial court "denied" the postjudgment motion, the trial court actually struck the postjudgment motion, because the court declined to rule on the merits.

¶ 14        HCSC's arguments involve a determination of when, in litigation involving multiple claims or multiple parties, judgments entered as to one or more but fewer than all of the parties or claims are final and appealable and no longer subject to revision by the trial court. We believe that Rule 304(a) controls this appeal. The question we must resolve here is whether plaintiff's postjudgment motion filed more than 30 days after the May 4 judgment, which disposed of plaintiff's claims against HCSC, was timely. If so, plaintiff's notice of appeal was timely and we have jurisdiction. See Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008).

¶ 15        In cases involving multiple claims, Rule 304(a) "adds another dimension to the determination of finality and to the power of the circuit court" to entertain judgments already entered. *Petersen Bros. Plastics, Inc. v. Ullo*, 57 Ill. App. 3d 625, 629 (1978). The rule provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing a notice of appeal shall be as provided in Rule 303. In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010).

¶ 16        Rule 304(a) requires an express written finding that there is no reason for delay of enforcement or appeal of the judgment on the resolved claims in order for that judgment to be immediately appealable. *Petersen Bros.*, 57 Ill. App. 3d at 630. Generally, unless the trial court order incorporates the words of the rule, no appeal is permissible, and the trial court retains jurisdiction over the entire cause, including the power to revise any or all judgments

-4-

at any time prior to entry of a judgment adjudicating all claims. *Petersen Bros.*, 57 Ill. App. 3d at 630.

¶ 17     Here, the May 4 judgment granting HCSC's motion to reconsider disposed of plaintiff's claims against HCSC. However, HSCS's third-party claim remained pending until June 1. Because the May 4 order disposed of fewer than all the claims involved, the order could have been immediately appealed only pursuant to Rule 304(a), which requires an express finding by the trial court that there is no just reason for delay of enforcement or appeal. There was no such finding by the trial court. Thus, the order was not appealable until the trial court entered its order on June 1, disposing of all remaining claims in the litigation. Because it was filed within 30 days of the date that all the claims between all the parties finally were resolved, plaintiff's postjudgment motion was timely.

¶ 18     HCSC relies on *Pempek v. Silliker Laboratories, Inc.*, 309 Ill. App. 3d 972, 981 (1999), and *Mau v. Unarco Industries, Inc.*, 135 Ill. App. 3d 736, 740 (1985), for the proposition that a postjudgment motion directed against an unappealable final judgment must be filed within 30 days of that judgment. HCSC believes these decisions are squarely on point.

¶ 19     In *Pempek*, the plaintiff sued a building owner for injuries he sustained while working, and the building owner brought a third-party contribution claim against the plaintiff's employer. The plaintiff settled with the building owner and his claims were dismissed. A jury rendered a verdict regarding the employer's percentage of fault on February 4, 1998. Thereafter, the trial court held a hearing, pursuant to *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155 (1991), to consider the extent of the employer's liability under the Workers Compensation Act (Ill. Rev. Stat. 1987, ch. 48, ¶ 138.5 *et seq.*), and it entered a judgment on March 25. The court then gave the parties until April 23 to file any posttrial motions. On April 23, the employer filed a posttrial motion attacking the jury's verdict. The trial court denied the employer's posttrial motion on June 9, and the employer filed a notice of appeal on July 9. *Pempek*, 309 Ill. App. 3d at 975.

¶ 20     The First District Appellate Court noted the requirement that the parties were limited to filing posttrial motions within 30 days after the entry of judgment or the discharge of the jury or within any further time the trial court may allow within the 30 days or any extensions thereof, pursuant to section 2-1202 of the Code of Civil Procedure (735 ILCS 5/2-1202 (West 1998)). *Pempek*, 309 Ill. App. 3d at 977. The court held that the employer's notice of appeal was untimely because the employer did not file it within 30 days after final judgment was entered. *Pempek*, 309 Ill. App. 3d at 980. The court ruled that the posttrial motion that the employer filed following the *Kotecki* hearing did not toll the time for filing the required notice of appeal, because it was not timely in that it attacked the jury's verdict, not the result of the *Kotecki* hearing. *Pempek*, 309 Ill. App. 3d at 980.

¶ 21     We decline to follow *Pempek*. Section 2-1202(c) of the Code provides that a posttrial motion in a jury case must be filed within 30 days after the entry of "judgment," not the entry of a verdict. 735 ILCS 5/2-1202(c) (West 2008); see also 735 ILCS 5/2-1203(a) (West 2008) (in a nonjury case, a postjudgment motion must be filed within 30 days after "the entry of the judgment"); *cf.* 725 ILCS 5/116-1(b) (West 2008) (in a criminal case, "[a] written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or

the return of a verdict"). The *Pempek* court interpreted the entry of "judgment" in section 2-1202(c) to be the entry of " 'judgment' on the jury's verdict" (*Pempek*, 309 Ill. App. 3d at 977), even where, as there, the "judgment" on the verdict was not final and appealable. We reject that reading. It reads words into the statute, in violation of basic principles of statutory construction (*Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56), and in so doing it alters the conventional meaning of the word "judgment." " 'Judgment' is defined as '[t]he final decision of the court resolving the dispute and determining the rights and obligations of the parties.' " *Dickey v. Connaught Laboratories, Inc.*, 334 Ill. App. 3d 1048, 1056 (2002) (Breslin, J., dissenting) (quoting Black's Law Dictionary 841-42 (6th ed. 1990)). Thus, contrary to *Pempek*, the 30 days under section 2-1202(c) do not begin until the entry of a final and appealable judgment.

¶ 22    We believe that *Mau* is similarly unsound. In *Mau*, one of the plaintiffs, Stewart, filed, in her individual capacity and on behalf of others similarly situated, multiple actions against the suppliers and processors of asbestos for injuries allegedly produced by exposure to the asbestos. Two other plaintiffs, Mau and Sampson, filed separate actions against the defendants who had been voluntarily dismissed without prejudice from the earlier actions. Following the entry of a final judgment in the original actions, the defendants moved for summary judgment in the separate actions brought by Mau and Sampson. In both cases, the trial court granted summary judgment for the defendants on May 18, 1982. In Sampson's case, however, the judgment did not contain Rule 304(a) language. Judgment as to all remaining parties was not entered until March 14, 1984. On April 13, 1984, Sampson filed a motion to vacate the summary judgment of May 18, 1982, which the trial court denied on June 22, 1984. Thereafter, on July 17, 1984, Sampson filed his notice of appeal. *Mau*, 135 Ill. App. 3d at 739.

¶ 23    The Fourth District Appellate Court concluded that it was without jurisdiction to entertain the merits of the Sampson appeal because Sampson did not file a notice of appeal within 30 days after the entry of the judgment appealed from. *Mau*, 135 Ill. App. 3d at 740. In addition, the court found that the motion to vacate the summary judgment, filed on April 13, 1984, could not be construed as a timely posttrial motion and therefore Sampson could not avail himself of the stay provision described in Rule 303(a)(1). Citing *Wool v. La Salle National Bank*, 89 Ill. App. 3d 560 (1980), the court found that, in order to take advantage of the stay provision of the rule, it would have been necessary for Sampson to file the motion to vacate the summary judgment within 30 days after the entry of the judgment challenged by the motion. *Mau*, 135 Ill. App. 3d at 740.

¶ 24    *Mau* takes the holding in *Wool* out of context and misconstrues it. In *Wool*, the judgment appealed from did not finally decide all the claims pending, and the trial court entered a Rule 304(a) finding. *Wool*, 89 Ill. App. 3d at 568. Therefore, the plaintiffs were given 30 days from that date to appeal the judgment. Instead of filing an appeal, the plaintiffs filed a motion to vacate the judgment. The *Wool* court held that it was imperative that the plaintiffs filed their posttrial motion within 30 days after entry of the judgment the motion attacked or that they filed their notice of appeal within 30 days after entry of the Rule 304(a) finding of appealability. Because neither of these deadlines was met, the plaintiffs' appeal was untimely. *Wool*, 89 Ill. App. 3d at 569.

¶ 25    *Mau* failed to consider that the Rule 304(a) language in *Wool* made that order final and appealable. In *Mau*, because there was on Rule 304(a) finding, the 30 days to appeal did not begin. When the judgment disposing of all of the remaining parties in *Mau* was entered, the plaintiff, for the first time, had a right to appeal the summary judgment order filed almost two years earlier. Accordingly, the plaintiff's motion to vacate that order was timely.

¶ 26    We find *Petersen Bros.* and *Morton Buildings, Inc. v. Witvoet*, 70 Ill. App. 3d 55 (1979), more consistent with the general rule that a trial court's power to review its previous judgments extends for 30 days beyond the entry of an order finally disposing of a case. In *Petersen Bros.*, citing the provisions of Rule 304(a), the appellate court held that a lapse of more than 30 days from the entry of an unappealable judgment, final as to fewer than all of the claims in the case, did not prevent the timely filing of a motion against the judgment. *Petersen Bros.*, 57 Ill. App. 3d at 629-31. In *Morton Buildings*, the appellate court held that Rule 304(a) was applicable because the entry of the judgment following the jury verdict in favor of the defendant was made only on the complaint and did not dispose of the entire proceeding. Because the trial court did not make a special written finding as required by Rule 304(a), the judgment was not appealable until judgment was entered on the counterclaim. The court concluded that it was not sensible to require the filing of a posttrial motion until the judgment became appealable. *Morton*, 70 Ill. App. 3d at 58.

¶ 27    Based on the preceding, we hold that plaintiff's postjudgment motion was timely filed. Because the postjudgment motion was timely filed, plaintiff's filing of the notice of appeal within 30 days after the ruling was timely also.

¶ 28    HCSC argues alternatively that plaintiff's motion to vacate the judgment was an improper postjudgment motion because its contents were not directed against the June 1 order and that plaintiff lacked standing to attack the June 1 order because she was not prejudiced by that particular judgment. These arguments do not address whether the motion was timely for jurisdictional purposes and whether the trial court could consider its merits. In other words, regardless of whether the motion was improper or whether plaintiff had standing to contest the trial court's decision as to the third-party claim, the motion was timely filed and the trial court had jurisdiction to rule on the merits.

¶ 29    Although we have jurisdiction to consider the appeal, we must vacate the order striking the postjudgment motion and remand the cause to the trial court. Whether to grant a postjudgment motion lies within the discretion of the trial court. *In re Estate of Sarron*, 317 Ill. App. 3d 402, 404 (2000). The test for whether a trial court abused its discretion in denying a postjudgment motion is whether the refusal violates the moving party's right to fundamental justice and manifests an improper application of discretion. *In re Marriage of Steele*, 212 Ill. App. 3d 425, 434 (1991).

¶ 30    In striking the postjudgment motion, the trial court erroneously held that plaintiff's motion was untimely and that therefore it had no jurisdiction to rule on the merits. "Where a trial court erroneously believes it has no discretion or authority to perform some act, the appellate court should not preempt the exercise of such discretion, but should remand the cause back to the trial court." *Greer v. Yellow Cab Co.*, 221 Ill. App. 3d 908, 915 (1991). It would be fundamentally unfair to plaintiff for this court to usurp the trial court's function in

exercising its discretion to grant or deny the postjudgment motion. The trial court's failure to exercise its discretion requires us to vacate the order and remand the cause for the trial court to rule on the merits of the postjudgment motion.

¶ 31      Vacated and remanded with directions.